Pearson, J.
 

 The demurrer cannot be sustained upon the ground taken by the defendants’ counsel in this Court, viz: Multifariousness. The bill is not defective in this particular. It allegcsthat the defendant, Jones, is the beneficial owner ofall the judgments, and that the other defendant Brant, was a mere naked holder of the legal title in one of the judgments for the ease of the other defendant, the legal t.ile being separated from the use, merely as a trick or cover. The same usury is alleged to affect all of the judgments, and in fact the whole was but one transaction,
 

 This Court does not favor the “splitting up of suits,” unless there are several persons having distinct rights, and prejudice may result from the fact of the investigation being made too complicated ; but in this case it is a manifest saving of time and money, to try both causes of action together, and thereby avoid travelling twice over the same ground.
 

 But the bill is defective in a particular, which was not noticed on the argument. The bill submits to pay, the “amount justly due, with lawful interest thereon,
 
 after the said' 1th of December
 
 1848.” Now the bill alleges that the transactiondook place
 
 on the 1th of ■ December
 
 
 *149
 
 1847, and the defendant, Jones, was to forbear, uutil the 7th of December 1848, for the usurious interest of 25 per cent, which was at the time secured by notes, and judgments, and as the plaintiff seeks to repudiate the agree* ment, so far as the 25 per cent is concerned, he must also give up the year’s credit, and ought to have submitted to pay
 
 lawful interest
 
 from the 7th ©f December 1847, when the money was lent and the forbearance promised.
 

 This was no doubt a mere inadvertence in drawing the bill, and we looked into the decretal order, to see, if the defect was not corrected, but there, instead of amounts and dates particularly stated, we find a loose general reference, to the admissions of the bill, and, instead of an order overruling the demurrer, and dissolving the injunction as to the principal money, with interest from the 7th of December 1847, “The Court overrules
 
 all the causes
 
 assigned for demurrer, except that relating to the extent Of the injunction.” This latter ground was no cause of demurrer, but was a matter for consideration upon the motion to dissolve.
 

 The decretal order must be reversed, and this opinion certified to the Court below, that the proper orders may be ehtered ; we think neither party entitled to costs.
 

 Per Curiam. Ordered tobe certified accordingly.