PeaesoN, J.
 

 “
 
 It is an inflexible rule, that where a trustee buys at Ms own sale, eren tbougb lie gire a fair price, the
 
 cestui que trust
 
 has his election to treat the sale as a npllity; not because
 
 there is,
 
 but because
 
 there may be, fraud.” Brothers
 
 v.
 
 Brothers, 7
 
 Ire. Eq. 150. So, there is no question as to the principle of equity which the bill seeks to enforce. Our question is one of facts merely, i. e., do the proofs establish as many of the allegations of the bill, as are necessary to bring the case within the operation of the rule ?
 

 The allegations tending to show
 
 actual
 
 fraud, as that the sale was not duly advertised, competition was suppressed, &c., are not sustained by the proof, and must be put out of the case;(but these facts are proven, i. e., the defendant was the guardian of the plaintiff; he conducted, and had the entire control of, the sale, and reported to the Court that one Stewart was the purchaser; the sale was confirmed, and, by order of the Court, title was made to Stewart, who thereupon conveyed to the defendant, upon a surrender of the notes which he had given for the purchase money; Stewart bought by reason of an assurance on the part of the defendant, that if he did not like his bargain, he (the defendant) would take it off his hands. Stewart had no expectation or belief that he would like his bargain ; for the land (some fifty or sixty acres) had no house upon it, no water, and was unfit for his purpose, unless he could get some land adjoining, which he knew he could not do; whereas, it suited the defendant precisely ; he owning land adjoining, to which this land would be a very desirable accession. So, we have no doubt as to the truth of the allegation, that Stewart acted merely as the agent of the defendant, for the purpose of buying the land for him; and that the defendant, being well aware that, according to the “inflexible rule’, above announced, he could not become the purchaser directly^ attempted to effect his purpose indirectly, by the instrumentality of Stewart; and we have no doubt that the
 
 *289
 
 defendant, in consequence of bis desire to become tbe owner of tbe land, authorised Stewart, and that be did bid more for tbe land than any other person was willing, under tbe conditions of sale, and tbe state of tire property, to give for it. But tbe defendant knew be bad this advantage over any other person who wished to buy: that, being guardian, be wouldnot be compelled to pay tbe price according to the terms of sale, and
 
 “
 
 might take bis own timeand tbe result has been, according to tbe direct allegation of tbe bill, that tbe defendant^ has not, up to this time, been required to pay tbe amount bid for tbe land.
 

 If tbe allegation, that, in point of fact, Stewart bought tbe land for tbe defendant, needed any further confirmation, tbe defendant has supplied it by tbe testimony of one of bis own witnesses, viz.,
 
 James T.
 
 Hunter, who swears in substance, that tbe defendant requested him to attend tbe sale, and buy tbe land, with tbe assurance that if be did not like bis bargain, be (defendant) would take it oif bis hands, provided it did not go over $500, telling him be thought tbe land was worth four or five hundred dollars. Witness attended tbe sale, and bid so as to' run tbe land up to above $100, with the expectation that if be became tbe purchaser, tbe defendant would take it, as be knew it would not suit him, because
 
 there1
 
 was no water on it, and very little wood, and there was no chance of buying any adjoining land.
 

 The position taken for tbe defendant, that this being a sale by order of a Court of Equity, and tbe sale being
 
 confirmed by the
 
 Court, makes an exception to tbe general rule above announced, and is to be considered
 
 res
 
 adjudicata, does not apply .to this case ; because here, tbe Court bad no notice that the guardian was in fact tbe purchaser.
 

 We are, therefore, not at liberty to express an opinion wbe-ther such an exception can be allowed ^ but we will say this, if it is allowed at all, it should be done with extreme caution, and only under very peculiar circumstances. Who but tbe guardian can be relied on. to show tbe property to persons wishing to buy,, and to take tbe steps necessary to make it
 
 *290
 
 bring a fair price ? 'Who but the guardian can the Court look to for information, as to whether the matters'have been conducted in such a way as to bring the property to sale under the most advantageous terms, and that in fact it did sell for a fair price ?
 

 It must be declared to be the opinion of this Court, that the defendant holds the title as trustee for the plaintiff, and there must be an account as to the rents and profits, making allowance for any necessary and permanent improvements. It is proper also to say, this proceeding makes it necessary for the Court of Alamance county to appoint some other person to take charge of the plaintiff and his interests, in the room and stead of the defendant.
 

 Per Curiam. Decree accordingly.