DECYRUS AVERITT v. JACOB ELLIOT.

*Deed, Void and Voidable—Mortgagor and Mortgagee—Sale—Equity of Redemption—Pleading.*

1. A mortgagee who purchases at his own sale, directly or indirectly, takes the legal estate thereby acquired subject to the mortgagor's equity of redemption; such sale is voidable, but not void.

2. Where a mortgagee purchased at his own sale, and then conveyed to a third party who brought an action to recover possession, to which the mortgagor (defendant) interposed a general denial: *Held*, that the legal estate having passed to the plaintiff, he was entitled to recover, the defendant not having set up in his answer the facts which he insisted made the sale void.

3. The rule that, in an action to recover land, any deed offered in support of the title set up may be attacked on the trial without pleading the matter of attack, does not extend to deeds which are effectual to pass title until they are avoided in some proper proceeding.

This was an ACTION for possession of land, tried at the November Term, 1890, of the Superior Court of CUMBERLAND County, before *MacRae, J.*

The complaint was in the usual form adopted in such cases, and the answer contained only a general denial of the allegations of title and right to possession and damages for detention. In addition to the three issues involving these denials, the following was submitted by the Court, numbered 4, viz.: "4. Was the sale by John Averitt under the mortgage, and the bidding in by Nimocks, and assignment of the bid to the plaintiff, an arrangement by which the land was bid in for John Averitt?"

The plaintiff offered in evidence—

1. A deed from Jacob Elliot and wife to James A. Gainey, agent, March 7, 1883, and a note secured thereby, and an assignment of the same to John Averitt, February 2, 1884. This deed and assignment covered the land in the complaint.

2. A deed from John Averitt and wife to Deceyrus Averitt, the plaintiff, executed 1st February, 1886, reciting sale, etc., under the mortgage.

Plaintiff rested.

The defendant offered in evidence a deed for the same land from Deceyrus Averitt to George A. Guy, 29th September, 1888.

Jacob Elliot the defendant testified at great length, admitting that he had bought the land in controversy from Gainey, and given the mortgage to secure the payment of the purchase-money; that he had paid a large part of the same— some to Gainey and some to John Averitt (in money and cotton); that he had no notice of the sale under the mortgage; that he had never paid any of the money or cotton as rent for the land, but always to be applied upon the mortgage-debt.

And other testimony was offered by defendant, tending to corroborate him.

109 — 36

The plaintiff, in reply, offered a deed from George A. Guy and wife to Deceyrus Averitt, 19th of December, 1888, prior to the beginning of this action, for the same land.

The Judge instructed the jury (among other things):

"This action is brought by Deceyrus Averitt to recover the possession of a tract of land in the county, which he claims to own by virtue of a deed from John Averitt and wife, dated 1st of February, 1886, which recites a sale of the land under a power granted in a mortgage made by the defendant Jacob Elliot and wife to James A. Gainey, and an assignment of the mortgage and debt secured thereby by Gainey to John Averitt; the purchase by Nimocks, a transfer of his bid to the plaintiff, and payment of the purchase-money by him. The defendant, admitting that he executed the mortgage to Gainey, and that the debt secured in said mortgage has not been paid in full, says that the plaintiff has no right to recover the land from him, because there never has been a fair sale of the land under the mortgage, and therefore that the deed from John Averitt and wife to plaintiff conveys no title to the land."

The presiding Judge then went on at length, and instructed the jury upon the law governing the case.

The plaintiff excepted to that portion of the charge which has been set out.

The jury responded to the first and second issues "No," and to the fourth issue "Yes."

Rule for new trial for errors alleged. Rule discharged.

Judgment for defendant. Plaintiff appealed.

*Mr. J. W. Hinsdale,* for plaintiff.
*Mr. T. H. Sutton,* for defendant.

AVERY, J.: Where a mortgagee of land purchases at his own sale, directly or by an agent, though he may convey to the agent and have the latter reconvey to him, the effect is

to vest the legal estate in the mortgagee in the same plight and condition as he held it under the mortgagee, subject to the right of the mortgagor to redeem. *Joyner* v. *Farmer*, 78 N. C., 198.

The sale by the mortgagee is not void, but only voidable. *Joyner* v. *Farmer*, *supra*. The mortgagee has the right to recover possession at any time, as against the defaulting mortgagor, in an action brought for that purpose, whether he has fraudulently put forward an agent to buy at his own sale or not. *Wittkowski* v. *Watkins*, 84 N. C., 458.

If John Averitt bought at his own sale, and then conveyed to the plaintiff Decyrus Averitt, the legal estate passed to the latter, upon which he was entitled to recover in an action involving title and right to possession only. *Joyner* v. *Farmer*, *supra*. If the mortgagor wished to avoid the sale on the ground of fraud, he ought to have alleged the fraud in his answer. It was not sufficient simply to prove it. It is essential that there shall be *allegata* in the answer, as well as *probata* on the trial, in order to make available an equitable right or other new matter as a defence. *Willis* v. *Branch*, 94 N. C., 143; *Rountree* v. *Brinson*, 98 N. C., 107; *Montague* v. *Brown*, 104 N. C., 165; *Ellison* v. *Rex*, 85 N. C., 77. As the issue was submitted to the jury, the defendant might have been allowed, in the progress of the trial, to amend his answer and set up the fraudulent purchase as a defence. The Court will doubtless permit him to amend before another trial, so that, with due notice, the facts may be fully developed by both parties. *Willis* v. *Branch*, *supra*. But as the plaintiff has excepted to that portion of the charge in reference to the fourth issue, and as it appears that the defendant has relied solely upon the inability of the plaintiff to show the legal title in himself, a new trial must be awarded.

This is in accordance with the uniform rule adopted by this Court.

It is true, as suggested by counsel, that a deed may be directly attacked on trial of an action for possession for incapacity in the maker, fraud in the *factum*, because void under 13th and 27th Elizabeth, or because it was executed in the face of a statutory prohibition. *Mobley* v. *Griffin*, 104 N. C., 112; *Gilchrist* v. *Middleton*, 107 N. C, 679; *Helms* v. *Green*, 105 N. C., 259. But the deed offered by the plaintiff was not void, but voidable. It left in the defendant an equitable right which could have been avoided only by the mortgagor and his heirs, and which might be confirmed by the mortgagor by release, or conduct amounting to an abandonment, or working an estoppel *in pais*. *Joyner* v. *Farmer, supra*.

For want of specific allegations setting up the defence that the plaintiff claimed under a fraudulent conveyance, a new trial will be awarded.

Error.