### CANDACE POE v. J. R. BRIGHT.

(Filed 4 October, 1916.)

**Mortgages — Payment — Foreclosure — Principal and Agent — Purchase by Mortgagee—Judgments.**

There being evidence in this case that the mortgagee of lands sold the same by foreclosure after the mortgage debt had been paid, and that the purchaser acted for, and has reconveyed the lands to him, and the jury having so found, under a proper charge, these as facts by their verdict, a decree of the court that the mortgage be satisfied of record and that the attempted foreclosure was void, etc., is a correct one.

ACTION, tried before *Lyon, J.,* at March Term, 1916, of LEE, upon these issues:

1. Was the mortgage dated 20 March, 1889, satisfied by the plaintiff before the alleged sale of the land by Bright to Johnson? Answer: "Yes."

2. Was the mortgage duly foreclosed as provided therein? Answer: "No."

3. What amount, if anything, is the defendant indebted to the plaintiff? Answer: "$88."

The court rendered judgment in favor of the plaintiff, decreeing that the mortgage set out in the complaint be satisfied of record; that the sale and attempted foreclosure was void; and that the plaintiff recover of the defendant the sum of $88, with interest. From this judgment the defendant appealed.

*R. H. Hayes, Hoyle & Hoyle for plaintiff.*
*Williams & Williams, A. A. F. Seawell for defendant.*

PER CURIAM. This action is brought to recover possession of a certain piece of land conveyed by mortgage from the plaintiff to the defendant. There was a foreclosure of the mortgage and the property was purchased by one Johnson, the only bidder, for $200. The plaintiff alleges that at the time of the sale the mortgage had been fully satisfied; that Johnson purchased for Bright, the mortgagee, who furnished a part of the money; that Johnson a few months after the sale reconveyed the property to Bright, the defendant. The jury have established these facts in their answer to the issues. We have examined the three assignments of error relating to the admission of evidence, and find them to be without merit.

The motion to nonsuit was properly denied, as there is abundant evidence tending to prove that the mortgage was satisfied, and paid at

the time of the sale, and that Johnson purchased the land for the defendant. The exceptions to the charge are without merit. His Honor presented the case to the jury in a clear, comprehensive, and forceful charge, which we find to be free from error.

No error.