ALEX. BURNETT AND WIFE v. DUNN COMMISSION AND SUPPLY COMPANY.

(Filed 6 October, 1920.)

**1. Mortgages—Trusts—Powers of Sale—Wrongful Sale—Damages.**

Where a mortgagor or trustee in a deed of trust of lands given to secure borrowed money executes a power of sale in the instrument after the money has been repaid, the instrument is void and the attempted sale thereunder is invalid, and the mortgagor may ratify the sale and accept the proceeds thereof in settlement; or maintain an action to set the sale aside when the purchaser is one with notice, or acting in repudiation of the sale, or sue the mortgagee or trustee for the wrong done him therein, and recover the true worth of the property.

**2. Same—Equity—Estoppel.**

When the mortgagee or trustee in a deed of trust to secure borrowed money has wrongfully executed the power of sale of the mortgaged land, under the protest of the mortgagor that the money has been repaid, and thereafter the mortgagor seeks, in his action, to recover the true value of the land, his merely attending the sale without protesting it is not alone sufficient to estop him in equity from successfully maintaining his action.

CIVIL ACTION, tried on appeal from the recorder's court of Dunn, N. C., before *Bond, J.,* and a jury, at February Term, 1920, of HARNETT.

The action was instituted to recover $317, alleged to be due plaintiff for money had and received for usurious interest, collected by defendant of plaintiff, and damages on account of illegal sale of land under a mortgage. There was denial of liability by defendant.

On the hearing there was evidence for plaintiff tending to show the taking of usurious interest from plaintiff; evidence *contra* by defendant.

There was also evidence of plaintiff tending to show that, in 1913, plaintiff traded with defendant, and, to secure advances of money and supplies, had executed a mortgage on two unimproved lots in or near

Dunn for $74.65, of which $15 was usurious, and that plaintiff paid off and satisfied said mortgage in full to defendant; that later defendant advertised the lots under a power of sale contained in the mortgage, plaintiff insisting that there was no longer anything due, and, over plaintiff's protest, defendant proceeded with sale and lots were purchased at the sum of $83 by one N. A. Bell, a third party, and deed therefor made to the purchaser; that the said lots, on day of sale, were reasonably worth three or four hundred dollars.

The evidence of defendant was to the effect that said mortgage had not been paid, but, on an accounting, there was a balance due at time of sale of $40; that defendant postponed sale once, at plaintiff's instance, to give him an opportunity to procure the money; that plaintiff attended the sale and said nothing in protest that was heard by bidders, plaintiff testifying that he had failed to raise the money, but claimed and insisted, to defendant, there and at all times, that the mortgage had been satisfied.

On the question of payment, his Honor, among other things, charged the jury, in effect, that if the mortgage had been paid and satisfied by plaintiff before the sale, as he claimed, he could recover of defendant on the basis of the reasonable value of the lots, no matter how much more that was than the amount realized at the mortgage sale. Defendant excepted.

The jury rendered the following verdict:

"1. Is defendant company indebted to plaintiff for money received by defendant, including sale of lots in excess of sum due to defendant by plaintiff, and if so, in what amount? Answer: 'Yes, $212.'

"2. Is defendant company indebted to plaintiff for money received from plaintiff by said company by way of charges for usury; and if so, in what amount? Answer: 'Yes, $30.' "

Judgment on verdict, and plaintiff excepted and appealed.

*E. F. Young for plaintiff.*
*Clifford & Townsend and R. L. Godwin for defendant.*

HOKE, J. Under the charge of his Honor, the jury have necessarily found that, prior to the sale, the mortgage had been satisfied, and, this being true, the attempted sale thereunder was invalid. *Blake v. Broughton,* 107 N. C., 220; 27 Cyc., 1396. In such case it was open to plaintiff to ratify the sale and accept the proceeds, or settle on that basis; or he could maintain an action to set the sale aside, assuredly so as against defendant, and one purchasing with notice; or, acting in repudiation of the sale, he could sue the trustee or mortgagee for the wrong done in making such a sale, and hold him liable for the true worth of the property. The latter course has been pursued by plaintiff in the present

action, and both sound principle and approved precedent are in support of his Honor's ruling on the question presented. *Nance v. King,* 178 N. C., 574; *Poe v. Bright,* 172 N. C., 838; *Warren and Wife v. Susman,* 168 N. C., 457; *Rodgers v. Barnes,* 169 Mass., 179; *Froneberger v. Lewis,* 79 N. C., 426; *S. c.,* 70 N. C., 456; 19 R. C. L., 616, title, "Mortgages," sec. 432; Perry on Trusts (6 ed.), sec. 843; Jones on Mortgages (6 ed.), sec. 1907.

In 19 R. C. L. it is said: "And a mortgagor may elect to recover full damages on account of the unlawful sale of the land under a power of sale in the mortgage, when there was no default, and thus ratify the title of the purchaser."

And, in the well considered case of *Warren v. Susman, supra,* where a trustee had purchased at his own sale, *Associate Justice Walker* thus refers to the principle applicable: "The plaintiff could elect to have the sale set aside and the property returned to the trust fund, or recover of the defendant, who had sold and bought at the same time in breach of his trust, the value of the land where the trustee insists on the validity of the sale, and his right to retain the property, and has conveyed it to a third person, whose title he also insists is unassailable; otherwise, the trustee would be allowed to speculate upon his trust and make an unfair profit out of it, which will not be tolerated in a court of equity."

Defendant cites and relies upon the case of *Austin v. Stewart,* 126 N. C., 525, as a decisive authority in support of the position that plaintiff, on the present adjustment, is restricted to the amount for which the property sold at the mortgage sale. In that case, the Court held that an order of reference over defendant's objection could not be maintained when there was an undetermined plea in bar appearing in the record, and in sending back the case for further proceeding, the Court adverting to an allegation in plaintiff's complaint, "that he elected to affirm the sale," laid down the principle, undoubtedly true as a general proposition, that, when plaintiff has elected to affirm the sale, he must settle on the basis of the sale price, but *Austin v. Stewart* may not be recognized as authority for defendant on the facts of this record, where plaintiff, in repudiation of the sale, seeks to recover of the mortgagee the damages for wrongful transfer of his property to a third person under color of a mortgage which had been, in fact, paid in full.

It is urged for defendant that, as plaintiff was present at the sale and made no open protest, he is concluded as to its validity. There is a wholesome principle in our law to the effect that one who stands by and witnesses in silence a wrongful sale of his property, under circumstances that call on him to speak, will not afterwards be heard to impugn the validity of the sale in so far as the title of the purchaser is concerned. The position depends on the doctrine of equitable estoppel, that under

certain conditions will not allow an owner to impeach the purchaser's title when the latter has been misled to his hurt, but, on the facts of this record, the principle has no place as between the plaintiff and the defendant company, the evidence showing that plaintiff, an ignorant colored man, merely attended a sale of his property, made over his protest; that he said or did nothing at the sale to mislead any one; has insisted throughout to the company and its agents that the mortgage debt has been fully paid, and has established his claim at the trial. In such case, we are clearly of opinion that the plaintiff, as against the defendant, is entitled to a settlement on the basis of the actual value of the property, and the verdict and judgment to that effect should be upheld.

We find no error to defendant's prejudice, and the judgment for plaintiff is affirmed.

No error.