MRS. SARAH C. DAVIS, JOHN ROBERT DAVIS AND WIFE, SUSIE WELCH DAVIS, AND AMMIE DAVIS MERRITTE AND HUSBAND, KOKER MERRITTE, PLAINTIFFS, v. G. O. DOGGETT AND DOGGETT LUMBER COMPANY, DEFENDANTS.

(Filed 15 December, 1937.)

**1. Interest § 3: Judgments § 17b—**

It is within the province of the jury to allow interest on a verdict for damages, and where the verdict in such case does not allow interest the judgment may not be enlarged to include interest.

**2. Mortgages § 35—Where person conducting sale bids in property as agent of cestui, trustor has election to treat sale as a nullity.**

Where the agent of the trustee conducts the sale and bids in the property as an agent of the purchaser, the trustor may treat the sale as a nullity, even though the price bid represents the fair value of the property and there is no fraud or collusion, and even though competitive bidding at the sale is not discouraged, since the law will not permit the same person to represent the antagonistic interests of the seller and the pur-

chaser. The distinction is pointed out between this case in which the purchaser's agent was given authority to bid in the property at any price within a stipulated amount in his discretion, and *Elkes v. Trustee Corporation*, 209 N. C., 832, in which the attorney conducting the sale merely received a bid by telephone from the holder of the note and announced the bid at the sale.

3. Mortgages §§ 39d, 39g—Where purchaser at sale transfers land to innocent purchaser for value, trustor is remitted to action for damages.

Where foreclosure is regular upon its face, and the records do not show that the agent of the trustee who made the sale bid in the property as agent of the *cestui*, a purchaser for value from the *cestui* takes good title, and the trustor may not recover the land, but is remitted to an action against the trustee and *cestui* for damages for wrongful foreclosure.

4. Mortgages § 39e—

In an action for damages for wrongful foreclosure, the submission of an issue as to whether defendant *cestui*, who bought the property at the sale, transferred to innocent purchasers for value, is not error when the issue is raised by conflicting evidence.

5. Same: Limitation of Actions § 3—Action for damages for wrongful foreclosure held not to accrue until conveyance by cestui to third person.

Where the agent of the trustee conducts the sale and bids in the property as agent for the *cestui*, the trustor may treat the sale as a nullity, and upon his election the relationship between the parties remains that of trustor and *cestui*, and the action for damages for wrongful foreclosure does not accrue until the *cestui* conveys to a third person, and an action for damages instituted within three years from the date of the *cestui's* deed to the third person is not barred.

6. Mortgages § 39c—Conflicting evidence on issue of waiver and estoppel of trustors held for jury.

Conflicting evidence on defendant *cestui's* contention that trustors admitted after foreclosure that they could not redeem the property and acquiesced in the *cestui's* conveyance of the title acquired by foreclosure to a third person, and that therefore trustors were estopped and had waived their right to maintain an action for wrongful foreclosure, raises an issue of fact for the determination of the jury.

7. Mortgages § 32b—

An alleged agreement of the *cestui* to give the trustor actual notice of foreclosure, made after the execution of the instrument, is void for want of consideration.

8. Mortgages § 39e—

In this action for damages for wrongful foreclosure, the submission of an issue as to whether defendant *cestui* agreed to give trustors actual notice of foreclosure although the alleged agreement was void for want of consideration, *held* not prejudicial to defendant.

APPEAL by plaintiffs and defendants from *Rousseau, J.,* 20 March, 1937, from MECKLENBURG. No error.

DAVIS *v.* DOGGETT.

The plaintiffs instituted this action to recover damages for the wrongful foreclosure of a trust deed executed by them to G. O. Doggett, trustee, to secure an indebtedness of $1,237.55. There was a first mortgage upon the same premises in the sum of $500.00, which was purchased by the Doggett Lumber Company just prior to the sale. At the sale W. S. Blakeney sold the property as agent for the trustee and bid in the property as agent of the Doggett Lumber Company for the sum of $1,000. The foreclosure was had 5 September, 1932; the trustee's report of sale was filed 20 October, 1932. The deed of foreclosure was dated 26 September, 1932, and was recorded 5 October, 1932. The Doggett Lumber Company conveyed said property by warranty deed dated 7 October, 1932, to James B. Davis and wife, Mary A. Davis, for a consideration of $2,225. This deed was recorded 12 October, 1932. The plaintiffs also alleged that the defendants contracted and agreed to give them actual notice of the date of foreclosure should the defendants undertake to foreclose said trust deed and that the defendants breached said contract. Summons was issued 23 September, 1935. The defendants denied any wrongful foreclosure and pleaded the three-year statute of limitations. Issues were submitted to and answered by the jury as follows:

"1. Is the plaintiffs' alleged cause of action barred by the three-year statute of limitations as alleged in the answer? Answer: 'No.'

"2. Did the defendants contract to give notice to the plaintiffs of the date of the sale under said deed of trust, and did the defendants fail to give notice to the plaintiffs of the date of the sale as alleged in the complaint? Answer: 'Yes.'

"3. Did the person who acted as agent of G. O. Doggett, trustee, in selling the property at said foreclosure sale also act as agent of the defendant Doggett Lumber Company in purchasing said property at said foreclosure sale? Answer: 'Yes.'

"4. Was G. O. Doggett, trustee, personally present at the foreclosure sale? Answer: 'No.'

"5. Did James R. Davis and wife thereafter purchase said property from the Doggett Lumber Company as innocent purchasers without notice? Answer: 'Yes.'

"6. Have the plaintiffs waived their rights to maintain this action by ratifying and confirming the acts of the defendants of which the plaintiffs now complain, as alleged in the answer? Answer: 'No.'

"7. What amount were the plaintiffs indebted to the defendant as of the date of 12 October, 1932? Answer: '$2,003.17—by consent.'

"8. What damages, if any, are the plaintiffs entitled to recover? Answer: '$1,000.' "

Upon the coming in of the verdict the plaintiffs moved for judgment in the sum of $1,000, with interest thereon from 12 October, 1932, until paid, and for costs. The court declined to sign the judgment tendered by the plaintiffs, including interest on the verdict, and the plaintiffs excepted and appealed.

The court signed judgment upon the verdict for $1,000 and costs, and the defendants excepted and appealed.

*G. T. Carswell and Joe W. Ervin for plaintiffs.*
*Guthrie, Pierce & Blakeney for defendants.*

BARNHILL, J. Plaintiffs' exception to the refusal of the court to sign judgment allowing interest upon their recovery cannot be sustained. It was within the province of the jury to allow interest. The jury having failed to do so, the court had no power to enlarge the verdict. *Parrish v. Hartman, ante,* 248.

G. O. Doggett, the trustee, testified that he did not attend the foreclosure sale and that Mr. Blakeney took his place at the trustee's sale and sold it as his agent. The record discloses the following admission: The defendants admit that W. S. Blakeney, attorney for the defendants in this case, bid in the land at the foreclosure sale on 5 September, 1932, as agent for the Doggett Lumber Company. In this connection, Lee Grier, witness for the defendants, testified: "If somebody else had put in a bid for $1,050 at the foreclosure sale, we would have possibly raised it as high as $1,237." Thus, it appears that *Elkes v. Trustee Corp.,* 209 N. C., 832, is not in point. In that case the vendor did not act as agent for the purchaser. The attorney for the trustee merely received a bid by telephone from the holder of the note and announced the bid at the sale. He was not the agent of the *cestui que trust* and did not purport to act as such. Here, it is admitted that W. S. Blakeney was agent both for the seller and for the buyer.

There are a number of decisions of this Court holding consistently that where the trustee or mortgagee, or his agent, purchases property at a foreclosure sale under the terms of the trust deed or mortgage, either for himself or another, the trustor may elect to treat the sale as a nullity and demand a resale as against the trustee or mortgagee, or his agent, or purchasers from them with notice, even though competitive bidding at the sale was not discouraged and the purchase price represented the fair market value of the property at the time of the sale, and the trustor was present at the sale and made no objection thereto. *Lockridge v. Smith,* 206 N. C., 174; *Gibson v. Barbour,* 100 N. C., 191; *Owens v. Mfg. Co.,* 168 N. C., 397; *Roberson v. Matthews,* 200 N. C., 241; *Mor-*

*ris v. Carroll,* 171 N. C., 761; *Brothers v. Brothers,* 42 N. C., 149; *Boyd v. Hawkins,* 37 N. C., 303.

This rule is adhered to, not because there is, but because they may be, fraud. It is the duty of the trustee in making a sale to obtain the high dollar. It is the duty of a person representing a purchaser to acquire the land at as reasonable a price as possible. When the same person is both the seller and the buyer there is a conflicting, antagonistic, interest and duty which the law condemns. This practice has been engaged in by many good men whose characters are above reproach. Even so, the practice cannot be approved for the reason that it opens the door for fraud and oppression. At all times the trustee selling under the power of sale contained in the trust deed should be and remain at arm's length to the buyer.

In this case the defendant had just invested more than $500.00 in purchasing a first mortgage upon the premises. The individual defendant, who was trustee, is the president and treasurer of the corporate defendant. The corporate defendant held a second mortgage upon the premises for $1,237.55 and interest for more than twelve months. The property was bid in for the corporate defendant by the agent of the trustee for $1,000, which is about 60 per cent of the indebtedness then due thereon. Even before the trustee's deed to the corporate defendant had been filed for recordation it had given an option on the property to another for $2,225. While there is no evidence of actual fraud, and the Court does not mean to suggest any, these circumstances indicate that the foreclosure sale was not had under circumstances which meet the approval of a court of equity under the former decisions of this Court.

The defendant Doggett Lumber Company, through the foreclosure deed from the trustee, became the apparent owner in fee of the premises in controversy. This being true, the plaintiffs, through the conduct of the defendants in conveying the property to a third party are precluded from a recovery of their land. The only other remedy left to them is the one they now seek to pursue, that is, to recover damages for the wrongful alienation of their lands by the defendants.

In their brief the defendants contend that it was error for the court below to submit the fifth issue to the jury. This issue was raised upon the pleadings and there was sufficient evidence to justify its submission to the jury. Such contention on the part of the defendants would seem to be an attack upon the deed executed by the Doggett Lumber Company to the purchaser. It would not seem to help the position of the defendant to assume that, having acquired the title in the manner disclosed by the record, such title was thereafter conveyed to a third party under circumstances which would subject the vendee to a suit for its

recovery. The evidence, which was apparently accepted by the jury, though contradicted by other testimony, tends to show that the plaintiffs sought to redeem their property after the option was given by the defendant, but before the execution of the deed, and that the defendants then, and at all times thereafter, refused to permit a redemption upon the plea that they were already bound by an option to convey the property to James R. Davis.

The agent for the trustee in making the sale, having acted as agent for the *cestui que trust* in purchasing the property, the relationship of mortgagor and mortgagee existing between the plaintiffs and the defendants was not destroyed. *Owens v. Mfg. Co.,* 168 N. C., 397; *Gibson v. Barber,* 100 N. C., 192; *Lockridge v. Smith, supra.* It follows that the plaintiffs' cause of action arose at the time the corporate defendant, acting under the trustee's deed, which purported to convey a fee simple title to it, alienated said title and conveyed said property to a third party. Plaintiffs' action was instituted within three years thereafter and is not barred by the statute of limitations.

There is some evidence in the record to the effect that the plaintiffs admitted to the defendants after the sale that they were unable to pay the debt or to redeem the property, and acquiesced in the sale. This testimony is sharply contradicted by that of the plaintiffs, which tends to show that they had actually made arrangements to redeem the property, but that the defendants sold the same before they were permitted to do so. It does not appear that waiver or estoppel is adequately pleaded by the defendants. In any event, the facts have been determined adversely to the defendants by the jury's answer to the sixth issue.

The contract alleged by the plaintiffs that the defendants agreed to give them actual notice of the date of sale was without consideration and unenforceable. The submission of an issue thereon, however, could not be held for prejudicial error.

On plaintiffs' appeal, the refusal of the court to sign judgment allowing the plaintiffs interest upon their recovery was in accord with the decisions of this Court. *Parrish v. Hartman, ante,* 248.

Upon an examination of all the exceptions contained in the record we find

On plaintiffs' appeal, no error.

On defendants' appeal, no error.