IREDELL TAYLOR DAVIS v. N. B. JENKINS AND WIFE, SARAH F. JENKINS, BERTRAM A. JENKINS AND WIFE, LOUISE T. JENKINS, SADIE JENKINS HARMON AND HUSBAND, J. OBIE HARMON.

(Filed 8 October, 1952.)

1. **Executors and Administrators § 13g—Purchase of land by administrator in individual capacity, at sale to make assets, is voidable.**

Upon the administrator's petition to sell lands of the estate to make assets, the sale comes within the scope of his trusteeship, and his purchase at the sale in his individual capacity, even though the sale be made by a commissioner appointed by the court, is voidable irrespective of actual fraud, and where an heir at law elects to attack the sale and introduces in evidence the record in the proceedings establishing these facts. he is entitled *prima facie* to judgment setting aside the sale as against the administrator and his grantees in a deed of gift, with the burden upon defendants to show facts that would defeat the equity, and therefore nonsuit should not be entered.

Davis *v.* Jenkins.

**2. Trial § 24a—**

   Nonsuit may not be entered in favor of the party upon whom rests the burden of proof unless plaintiff's own evidence establishes the truth of an affirmative defense relied on by defendant.

**3. Limitation of action § 7—**

   The suit instituted by an heir at law shortly after becoming of age to set aside sale of lands of the estate to make assets to pay debts, is not barred by any statute of limitations or laches.

VALENTINE, J., having been of counsel, took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Frizzelle, J.,* April Term, 1952, of NASH. Reversed and remanded.

This was a suit to set aside a deed made to defendants, pursuant to an administrator's sale. Plaintiff claims as heir of the decedent Elias T. Taylor. Elias T. Taylor died intestate 7 January, 1929, seized and possessed of a tract of 60 acres of land in Nash County and leaving him surviving his widow and several infant children, the youngest of whom, the present plaintiff, was then one year old.

N. B. Jenkins qualified as administrator of the estate. In 1930 the administrator filed petition to sell this land to make assets to pay debts. In the petition it was alleged there were debts amounting to $2,000, plus $1,000 widow's allowance; that the personal estate amounted to $557, and the land was worth $1,000. Upon this petition a commissioner (the administrator's attorney) was appointed to sell the land. It was offered for sale in March, 1930, and bid off by L. W. Bobbitt, a creditor, for $325, but the sale was not confirmed. The land was again sold in March, 1933, according to the commissioner's report, at which time the defendant N. B. Jenkins bid it off for the sum of one dollar, plus the balance due him as administrator (shown by his return as $121), and the taxes on the land stated to be $264. The land was sold subject to the widow's dower, and the homestead right of decedent's infant children. The sale was confirmed and deed was made to N. B. Jenkins by the commissioner.

In 1941 N. B. Jenkins and wife conveyed the land to their son and daughter, who are defendants in this action, in consideration of love and affection.

Plaintiff offered in evidence the entire record in the special proceeding to sell the land, and the deeds referred to; also evidence tending to show the land was worth at the time ten to twelve dollars per acre. Some of the heirs including plaintiff retained possession of some sort, but N. B. Jenkins or his grantees sold the timber on the land which plaintiff alleged and offered to show was for $3,700. Defendants are now in possession.

At the conclusion of plaintiff's evidence, defendants' motion for judgment of nonsuit was allowed, and from judgment dismissing the action, plaintiff appealed.

*F. T. Hall and P. H. Bell for plaintiff, appellant.*
*Thorp & Thorp for defendants, appellees.*

DEVIN, C. J.   Though the sale was made by a commissioner appointed by the court, it was made for the administrator and pursuant to the administration of the estate, and upon the administrator's petition, so that in equity the result was the same as if the administrator had purchased at his own sale. *Froneberger v. Lewis,* 79 N.C. 426.   The defendant N. B. Jenkins did not buy in the land for the estate as authorized by G.S. 28-183, but purchased in his individual capacity and for his own benefit. He subsequently conveyed it to his son and daughter.

Occupying the fiduciary relationship of administrator of the estate, equity would not permit him to acquire title to the land free from the trust imposed upon him for the benefit of the heirs and creditors of the estate.   The deed obtained was voidable at the election of his *cestuis que trustent*.   So that upon showing these material facts the burden was cast upon the defendant to show facts which would defeat plaintiff's equity established by the evidence offered.   As a rule a judgment of nonsuit is not permissible in favor of the party having the burden of proof, except where the defendant has set up an affirmative defense to plaintiff's *prima facie* case and the evidence of the plaintiff establishes the truth of the affirmative defense as a matter of law.   *MacClure v. Casualty Co.,* 229 N.C. 305, 49 S.E. 2d 742, and cases cited on page 312.   But the exception to the rule stated in the cited case has no application here, and the nonsuit was improvidently granted.

Strictly speaking, the land was not an asset in the hands of the administrator, but when the personal estate of the decedent was insufficient to pay the debts and the land was ordered sold to provide assets in the administration of the estate, the sale came directly within the scope of the administrator's trusteeship. *Pearson v. Pearson,* 227 N.C. 31, 40 S.E. 2d 477. Hence when the administrator bought at the sale and took title to the land adverse to the *cestuis que trustent* he was regarded in equity as having acquired it for their benefit.   The plaintiff having come of age shortly before this suit was instituted is barred neither by any statute of limitations nor by laches.   Though the defendant Jenkins, the administrator, purchased the land at what was equivalent to his own sale, the sale was not void but voidable, and the plaintiff has the election now to affirm or disaffirm the sale.

In *Brothers v. Brothers,* 42 N.C. 150, *Chief Justice Pearson* said: "It is an inflexible rule, that when a trustee buys at his own sale, even though he gives a fair price, the *cestui que trust* has his election to treat the sale as a nullity, not because there is fraud, but there may be fraud." This statement of the rule was repeated in *Patton v. Thompson,* 55 N.C. 285.

In *Froneberger v. Lewis,* 79 N.C. 426, the Court states the resume of the decided cases on this point as follows: "A trustee cannot buy the trust property either directly or indirectly. And if he does so, he may be charged with the full value, or the sale may be declared void at the election of the *cestui que trust,* and this, without regard to the question of fraud, public policy forbidding it." *Graham v. Floyd,* 214 N.C. 77, 197 S.E. 873; *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481; *Davis v. Doggett,* 212 N.C. 589, 194 S.E. 288; *Burnett v. Supply Co.,* 180 N.C. 117, 104 S.E. 137; *Warren v. Susman,* 168 N.C. 457, 84 S.E. 760; *Averitt v. Elliott,* 109 N.C. 560, 13 S.E. 785; *Bruner v. Threadgill,* 88 N.C. 361; *Joyner v. Farmer,* 78 N.C. 196.

In *Davis v. Doggett,* 212 N.C. 589, 194 S.E. 288, where the effect of the purchase by a mortgagee at his own sale was discussed, it was said: "The trustor may elect to treat the sale as a nullity and demand a resale as against the trustee, or his agent, or purchasers from them with notice."

In *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481, where the mortgagee had purchased at his own sale and reconveyed, the consequent status of the parties was stated in this way: "The effect is to vest the legal title in the mortgagee in the same plight and condition as he held it under the mortgage, subject to the right of the mortgagor to redeem."

In *Burnett v. Supply Co.,* 180 N.C. 117, 104 S.E. 137, where the question was considered, it was held the trustor, following purchase by the trustee at his own sale, could elect to have the sale set aside and the property restored to the trust fund, or to recover the value of the land.

In the case at bar, it was admitted the sale of the land of his intestate was made for the administrator in order to create assets to pay the debts of the estate, and that the administrator, the defendant N. B. Jenkins, was the purchaser at the sale, taking deed for the land in his own name and reconveying to his codefendants. In the light of these facts equity would regard the sale and deed as voidable, and the heir would have the election to disaffirm and treat the sale as a nullity, putting the title back in the same "plight and condition" as it was held before the sale; that is, subject to the rights of creditors and the exigencies of the administration.

The judgment of nonsuit is stricken out and the cause remanded for such further proceeding as may be necessary to determine and administer the rights of all interested parties.

Reversed and remanded.

VALENTINE, J., having been of counsel, took no part in the consideration or decision of this case.