## KAPP v. KAPP

[336 N.C. 295 (1994)]

ARTIS K. KAPP, MICHAEL W. ROWE, MELISSA A. ROWE, RUTH S. ROBERTSON, E. DANIEL SPEAS, JANE S. HUTCHENS, JENNY LYNN, JOYCE PREACHER, SPEAS JOYCE, JOHN H. KAPP, KENNETH G. SPEAS, WILLIAM EUGENE SPEAS, AND LAVERN E. SPEAS v. WILLIAM H. KAPP, AND M. KEITH KAPP, INDIVIDUALLY AND AS CO-EXECUTORS OF THE ESTATE OF JOSEPHINE P. KAPP, AND BETTY M. KAPP

No. 273PA93

(Filed 6 May 1994)

1. **Trusts § 1.1 (NCI3d) — trust not created by will language — conveyance to executor — Uniform Trusts Act inapplicable**

    A provision in a will that the residuary estate shall be "administered and distributed" in stated percentages to plaintiffs did not direct the executors to hold the estate for plaintiffs and thus did not create an express trust. Therefore, where the testatrix gave one of the executors of her estate an option to purchase a tract of land for $500 per acre during her lifetime and for six months after her death and directed in her will that her executors comply with this option, provisions of the Uniform Trusts Act set forth in N.C.G.S. §§ 36A-66 and 36A-78 did not apply to prohibit the executors from conveying the land to the optionee-executor.

    **Am Jur 2d, Wills §§ 1481, 1543.**

    **Option created by will to purchase real estate. 44 ALR2d 1214.**

2. **Executors and Administrators § 35 (NCI4th) — option to purchase given to executor — exercise of option — no breach of fiduciary duty**

    Where a will gave one of the executors the option to purchase a tract of land owned by the testatrix, the executor could exercise the option to purchase without violating his fiduciary duty as executor.

    **Am Jur 2d, Executors and Administrators §§ 828 et seq.**

3. **Fraud, Deceit, and Misrepresentation § 37 (NCI4th) — absence of fiduciary relationship — no presumption of fraud**

    There was no presumption of fraud in the testatrix's execution of a document giving an executor of her estate the option to purchase a tract of land for $500 per acre during her lifetime and for six months after her death where there

KAPP v. KAPP

[336 N.C. 295 (1994)]

was evidence that, although testatrix relied on the executor in some of her business transactions, she did not rely on the executor with regard to the option, and the jury found that there was no fiduciary relationship between the executor and testatrix at the time the option was executed.

**Am Jur 2d, Fraud and Deceit §§ 437 et seq.**

4. **Fiduciaries § 2 (NCI4th) — existence of fiduciary relationship — executor's exercise of option — evidence inadmissible**

Where testatrix gave one of her executors an option to purchase a tract of land within six months after her death and directed in her will that her executors comply with this option, and plaintiffs alleged that the executors violated their fiduciary duty by conveying the land to the optionee-executor, evidence that the executors did not make the option part of the estate file, undervalued the land on the 90-day inventory, did not inform the beneficiaries of the will of the option until it was exercised, did not disclose to the beneficiaries that adjoining land was being purchased by a commercial developer, and backdated the deed conveying the land was not relevant to show a fiduciary relationship between the optionee-executor and testatrix at the time the option was executed, to show that the exercise of the option was not an open, fair and honest transaction, or to prove any issue in the case and was properly excluded by the trial court. N.C.G.S. § 8C-1, Rule 401.

**Am Jur 2d, Fraud and Deceit §§ 16, 442.**

5. **Quasi Contracts and Restitution § 31 (NCI4th) — executor's exercise of option — unjust enrichment — insufficient evidence**

The trial court did not err by failing to submit an issue of unjust enrichment to the jury where the evidence showed that defendant executor exercised an option given to him by the testatrix to purchase a tract of land for $500 per acre for a total price of $35,705; the executor later sold the land for $1,423,000; the executor was not acting in a fiduciary capacity at the time the option was executed and did not suggest the price of the land; and testatrix was a competent person, could determine the price, and did so of her own free will.

**Am Jur 2d, Restitution and Implied Contracts § 88.**

**6. Fiduciaries § 1 (NCI4th)— fiduciary relationship—instruction on undue influence—jury not misled**

Although the trial court had dismissed a claim based on undue influence and only a claim based on breach of fiduciary duty remained in the case, the trial court's correct charge on undue influence could not have misled the jury to believe that it would have to find undue influence in order to find a fiduciary relationship.

**Am Jur 2d, Fraud and Deceit §§ 16, 442.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished opinion of the Court of Appeals, remanding the case for further proceedings upon a judgment entered by DeRamus, J., at the 4 March 1991 Civil Session of Superior Court, Forsyth County. Heard in the Supreme Court 31 January 1994.

The plaintiffs and defendants have appealed from a decision of the Court of Appeals which remanded this case for further proceedings. The plaintiffs alleged in this action that the defendants William H. Kapp and M. Keith Kapp violated their duties, as executors of the estate of Josephine P. Kapp, by conveying to William H. Kapp a seventy-one acre tract of real property which was owned by Josephine at the time of her death. The case was tried by a jury.

The evidence showed that Josephine was the aunt of William and the great aunt of Keith, who is William's son. William lived approximately one and a half miles from Josephine and cultivated the tract of land in question. He also advised her in regard to business matters, such as whether to take a penalty on certificates of deposit in order to reinvest at higher rates and whether to purchase additional shares of stock when offered by the issuer.

In late July or early August of 1980, Josephine talked to Keith, who is an attorney, in regard to making a will. Keith told her how to make a holographic will and gave her the names of three attorneys with whom she could consult. One of them was Robert Vaughn whom Keith knew only by reputation. Josephine made a holographic will on 13 August 1980 in which she stated, "William H. Kapp and Michael Keith Kapp to buy the land at a reasonable price and to pay it to my estate."

On 11 September 1980, William carried Josephine to Mr. Vaughn's office. Josephine conferred with Mr. Vaughn, during which

KAPP v. KAPP

[336 N.C. 295 (1994)]

conference William was not present. Mr. Vaughn's memorandum of that conference showed Josephine wanted William and Keith to be able to purchase the land after an appraisal by an independent appraiser, notwithstanding that they may be acting in a fiduciary capacity.

On 7 October 1980, William carried Josephine to Mr. Vaughn's office. Mr. Vaughn's notes were headed "10/7/80 conf. Bill K. and Miss K." William testified that after he had greeted Mr. Vaughn, he left Mr. Vaughn in his office with Josephine. It was at that meeting that an option to William only was discussed. Mr. Vaughn's notes show that for the purposes of the option they should have the property appraised.

On 28 October 1980, William again carried Josephine to Mr. Vaughn's office. Mr. Vaughn testified that William was in the room for part of the time he talked to Josephine, but he discussed all the terms of the option with her when William was not in the room. Mr. Vaughn testified that he did not advise Josephine what price should be placed on the land, but that she told him to use the tax value, which was $500 per acre. William agreed to pay $360 or one percent of the sales price for the option.

On 21 January 1981, Josephine executed three documents which had been prepared for her by Mr. Vaughn. One document was a power of attorney under which she designated William as her attorney in fact with Keith as an alternate. She also executed an option to William to purchase the seventy-one acre tract at a price of $500 per acre or a total of $35,705 during Josephine's lifetime and for six months after her death. She also executed a will which contained the following provision:

> Section C. At the time of the execution of my Will, I own certain real estate being approximately seventy (70) acres of land in Forsyth County. It is my wish and desire that my nephew, WILLIAM H. KAPP, be able to acquire such real estate, and, consequently, I have granted an option to him to purchase such real estate. I wish to call my Executors' attention to the fact that I have granted such option and I direct my Executors to comply with the terms of any such option or contract that may be in effect at the time of my death. I understand that my nephew, WILLIAM H. KAPP, may be acting in several capacities and notwithstanding the fact that he is acting in a fiduciary capacity, I still direct that he be able to acquire

such property pursuant to the terms of the option or any other contract applicable to such real estate.

Josephine died on 11 March 1986. Within six months of Josephine's death, William exercised the option and bought the real property for $35,705. In January 1988, William sold the land for $1,423,000.

The court submitted the following issues to the jury, all of which were answered favorably to the defendants:

1. At or before the time Josephine Kapp executed the option of January 21, 1981, did a fiduciary relationship exist between her and the defendant William H. Kapp as to any aspect of that transaction?

2. Did Josephine Kapp execute the option relying and acting upon independent advice of her attorney, Robert Vaughn?

3. Was the execution of the option an open, fair and honest transaction?

In its judgment, the court, after reciting the issues answered by the jury, said the Uniform Trusts Act applied to this case but that it excused the defendants pursuant to N.C.G.S. § 36A-80 for any violation of the Uniform Trusts Act, N.C.G.S. § 36A-60 *et seq.* The court entered judgment for the defendants.

The Court of Appeals reversed the superior court and held that the Uniform Trusts Act does not apply to this case. It then said that this misapplication of the law was prejudicial to a proper determination of the case. The Court of Appeals then set aside the judgment of the superior court and remanded the case for further proceedings consistent with its opinion.

We granted petitions for discretionary review filed by both sides.

*Clark, Wharton & Berry, by David M. Clark, Frederick L. Berry and Virginia S. Schabacker, for plaintiffs-appellants and appellees.*

*Bell, Davis & Pitt, P.A., by William Kearns Davis and J. Dennis Bailey, for defendants-appellants and appellees.*

WEBB, Justice.

[1] The first question posed by this appeal is whether the Uniform Trusts Act, N.C.G.S. § 36A-60 *et seq.*, applies to this case and

if so whether, as contended by the plaintiffs, N.C.G.S. § 36A-78 and N.C.G.S. § 36A-66 forbid the executors from conveying the real property to William. We affirm the Court of Appeals and hold that the Act does not apply. N.C.G.S. § 36A-60 says:

> As used in this Article unless the context or subject matter otherwise requires:
>
> . . . .
>
> (4) "Trust" means an express trust only.

N.C.G.S. § 36A-60 (1984).

Nothing in the language of Josephine's will expressly creates a trust. We do not agree with plaintiffs that the language of the will, that the residuary estate shall be "administered and distributed" in stated percentages to the plaintiffs, directs the executors to hold the estate for plaintiffs and thus creates an express trust.

The cases upon which the plaintiffs rely are not helpful to them. *Davis v. Jenkins*, 236 N.C. 283, 72 S.E.2d 673 (1952) and *Pearson v. Pearson*, 227 N.C. 31, 40 S.E.2d 477 (1946), deal with the purchase of estate assets by the administrators of the estates. They recognize an administrator is a fiduciary but do not deal with the creation of express trusts. There may be cases in which an express trust may be created without expressly saying so, but this is not such a case.

We do not agree with the Court of Appeals that the case should be remanded for further proceedings. We are able to determine the case on the basis of the issues decided by the jury.

[2] The plaintiffs correctly say that although the Uniform Trusts Act may not apply, the executors are nevertheless under a fiduciary duty to the plaintiffs. *Erickson v. Starling*, 233 N.C. 539, 64 S.E.2d 832 (1951); *Jarrett v. Green*, 230 N.C. 104, 52 S.E.2d 223 (1949). They argue that it diminished the estate for William to exercise the option and he was under a fiduciary duty to the plaintiffs not to exercise it unless he resigned as executor. William's duty to the plaintiffs as executor was to administer the estate in accordance with the will. The will provided for him to purchase the tract of land. He could do so without violating his duty as executor.

[3] All the parties agree that this case does not comprise an attack on the will. It is conceded that there was no undue influence

and that Josephine was of sound mind when the option and the will were executed. The plaintiffs contend that William was a fiduciary for Josephine before and at the time the option was exercised and there is a presumption of fraud in the execution of the option. *Curl v. Key*, 311 N.C. 259, 316 S.E.2d 272 (1984). We have held that a fiduciary relationship "exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Link v. Link*, 278 N.C. 181, 192, 179 S.E.2d 697, 704 (1971); *Abbitt v. Gregory*, 201 N.C. 577, 160 S.E. 896 (1931); *Brisson v. Williams*, 82 N.C. App. 53, 345 S.E.2d 432 (1986), *cert. denied*, 318 N.C. 691, 350 S.E.2d 857 (1986); *Stilwell v. Walden*, 70 N.C. App. 543, 320 S.E.2d 329 (1984).

In this case, there is evidence that Josephine relied on William in her business transactions. There is other evidence, particularly in regard to the transaction regarding the granting of the option, that she did not rely on William. The question of the fiduciary relationship was submitted to the jury, and we believe properly so. The issue was resolved favorably to the defendants. There was no fiduciary relationship between Josephine and William when the option was executed and there is not a presumption of fraud.

[4] The plaintiffs also contend the court committed error in excluding evidence of certain actions taken by the defendants after Josephine's death. The plaintiffs offered evidence which was excluded that the defendants did not make the option a part of the estate file, listed the land value on the 90 day inventory at $30,000 when the tax value was $95,000, did not inform the beneficiaries of the will of the existence or terms of the option until it was exercised, did not disclose to the beneficiaries that adjoining land was being purchased by a major commercial developer, and the exercise of the option and the deed conveying the property were backdated to 1 August 1986. The plaintiffs say all this was evidence of William's intent. This evidence would not have had a tendency to make the relations of William and Keith to Josephine more likely to be fiduciary relations. Nor would it have made it more or less likely that Josephine relied on the advice of Robert Vaughn in exercising the option. It would also not make it more or less likely that the exercise of the option was an open, fair and honest transaction. N.C.G.S. § 8C-1, Rule 401 (1992). This evidence was

not relevant to any issue in this case and it was not error to exclude it. N.C.G.S. § 8C-1, Rule 402 (1992).

[5]    The plaintiffs next contend that a claim for unjust enrichment should have been submitted to the jury. Relying on *Ellis Jones, Inc. v. Western Waterproofing Co.*, 66 N.C. App. 641, 312 S.E.2d 215 (1984), the plaintiffs say that unjust enrichment "will usually lie whenever one man has been enriched or his estate enhanced at another's expense under circumstances that, in equity and good conscience, call for an accounting by the wrongdoer." *Id.* at 646, 312 S.E.2d at 218 (quoting *Thormer v. Lexington Mail Order Co.*, 241 N.C. 249, 252, 85 S.E.2d 140, 143 (1954)). The plaintiffs say that equity and good conscience require a recovery for unjust enrichment in this case because of the small consideration paid by William for a valuable tract of land. They say that there is no evidence "that Josephine intended for William to buy her property for a song." They say further that William remained silent when Josephine told Mr. Vaughn to use the tax value to determine the price to be paid for the land.

We have held that William was not acting in a fiduciary capacity in the drawing of the option. There is no evidence that he suggested the price to be paid for the land. Josephine was a competent person and could determine the price. The evidence shows she did so of her own free will. It was not error not to submit unjust enrichment to the jury.

The plaintiffs next contend there was error in the charge. The plaintiffs first say the court told the jury to limit its consideration as to whether there was a fiduciary relation "as to any aspect of that [January 21, 1981 option] transaction[.]" The plaintiffs say this implied that any previous ongoing fiduciary relation could be ignored. We do not agree with the plaintiffs as to this interpretation of the charge, but we believe any doubts should have been resolved by the following portion of the court's charge.

Finally, members of the jury, as to this first issue, I charge if the defendants have proved by the greater weight of the evidence that at or before the execution of the January 21, 1981, option no fiduciary relationship exist[ed] between Josephine Kapp and Bill Kapp as to any aspect of that transaction or as to any relevant transaction leading up to that transaction, then it would be your duty to answer this first issue no, in favor of the defendants.

KAPP v. KAPP

[336 N.C. 295 (1994)]

**[6]** The plaintiffs also contend there was error in the charge in that the court charged on something that was not at issue. Although the court had dismissed a claim based on undue influence, the court in its charge on a fiduciary relation explained to the jury the law as to undue influence. This part of the charge had no relevance to the issue of a fiduciary relation in this case. The plaintiffs contend that by charging as it did, the court led the jury to believe that it would have to find undue influence in order to find a fiduciary relation.

The charge on undue influence was correct as to that facet of the law as was the charge on a fiduciary relation. Although irrelevant to the issue of the fiduciary relation, we cannot hold a correct statement of the law as to undue influence would have led the jury to believe it would have to find undue influence before it could find a fiduciary relation.

Finally, the plaintiffs contend that it was error for the court to instruct the jury that if it answered either of the first two issues favorably to the defendants, it would answer the third issue in favor of the defendants. The answer to the first issue was sufficient to determine the case in favor of the defendants. If there was error in determining the third issue, it was harmless error.

For the reasons stated in this opinion, we affirm the Court of Appeals in part, reverse the Court of Appeals in part and remand the case to the Court of Appeals for remand to Superior Court, Forsyth County, for an order reinstating the judgment heretofore entered.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.