W. M. ELKES AND WIFE, ANNIE L. ELKES, v. INTERSTATE TRUSTEE CORPORATION, NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM, AND LUCINDA EDWARDS.

(Filed 8 April, 1936.)

1. **Mortgages H h: H p—**

 The burden is on the trustor attacking foreclosure for failure of due advertisement to prove such failure, since the execution of the power of sale contained in the instrument is presumed regular.

2. **Mortgages H p—**

 Mere inadequacy of purchase price is not sufficient, standing alone, to upset a foreclosure sale.

3. **Mortgages H j: H p—Trustee may announce bid made for property by cestui que trust at the foreclosure sale.**

 The *cestui que trust* advised the trustee by telephone that it would bid a certain amount for the property. The trustee announced the bid at the sale, and there being no other bid, the bid was reported, confirmed, and deed made accordingly. *Held:* The sale is not voidable on the ground that the trustee could not buy in at his own sale, since it appears that the bid was entered by the *cestui*, who is entitled to bid in the property at the trustee's sale.

APPEAL by plaintiffs from *Small, J.,* at October Term, 1935, of PITT. Affirmed.

*Gaylord & Hannah and David M. Williford for plaintiffs.*
*J. B. James for defendants.*

PER CURIAM. The facts are these: The plaintiffs in 1923 executed deed of trust on 60 acres of land to secure a loan of $2,900 made by the North Carolina Joint Stock Land Bank of Durham, N. C. Upon de-

fault in the payment of the debt the substituted trustee, the defendant Interstate Trustee Corporation, sold the land under the power, and the holder of the evidence of the debt, North Carolina Joint Stock Land Bank, became the purchaser at the price of $1,500. No advance bid having been placed thereon within the statutory period, on 22 February, 1933, said trustee executed deed to the land bank, and on 16 March, 1933, the land bank, for value, conveyed to the defendant Lucinda Edwards.

It was admitted that there was as much as $3,000 due on the debts on the land at the time of the sale. Plaintiffs attack the validity of the foreclosure sale on the ground that it was not properly advertised, and that the attorney for the trustee making the sale also made the bid for the land bank upon which the purchase was made and deed executed.

Plaintiffs further contend that the land was worth more than enough to satisfy all liens, and ask to recover from defendants, trustee and land bank, as damages, the difference between the value of the land and the debts and taxes, conceding defendant Edwards has acquired a good title. There was no evidence that the sale was not properly advertised. Plaintiffs offered the evidence of the attorney for the trustee, which showed that on the morning of the sale he was advised by telephone that the land bank wished to put on a bid of $1,500, subject to taxes for four years. At the sale at the courthouse door in Greenville, N. C., the bid of the land bank was announced. There was no other bid and sale to the land bank was reported and later confirmed. Plaintiffs also offered evidence that the land is now worth $4,000 or $6,000, though in February, 1933, only $2,000 or $2,500.

This action was instituted 1 January, 1935.

Plaintiffs seek to recover from the land bank and the trustee on the ground that the foreclosure as between them and the plaintiffs was void because not properly advertised and because the land was offered, bid off, and sold by the same person.

But the evidence fails to support either contention. There was no evidence that the sale was not properly advertised, and it is presumed to have been regular. *Jenkins v. Griffin,* 175 N. C., 184; *Phipps v. Wyatt,* 199 N. C., 727; *Cawfield v. Owens,* 129 N. C., 286.

Nor did the fact that the land bank was creditor prevent it from becoming purchaser at the sale by the trustee. *Simpson v. Fry,* 194 N. C., 623; *Bunn v. Holliday, ante,* 351.

Mere inadequacy of price is not sufficient to upset a duly advertised sale. *Roberson v. Matthews,* 200 N. C., 241.

Plaintiffs invoke the rule that when a mortgagee or trustee buys at his own sale the relationship of mortgagor and mortgagee will continue (*Owens v. Mfg. Co.,* 168 N. C., 397), and rely on *Gibson v. Barbour,*

27—209

100 N. C., 192, and *Lockridge v. Smith,* 206 N. C., 174. In the *Gibson case, supra,* the sale was made by the agent of the mortgagees, who bid off the land as agent of the purchaser (p. 196) ; and in the *Lockridge case, supra,* the agent and attorney of the trustee conducted the sale and bid it off for himself, and had deed made to himself.

The facts here were different. The agent and attorney of the corporate trustee making the sale received a bid from the land bank, announced it, and that being the last and highest bid, sale was reported, confirmed, and deed made accordingly.

The motion for nonsuit at the close of plaintiffs' evidence was properly allowed.

Judgment affirmed.