J. J. GRAHAM, JR., v. CLIFFORD GRAHAM ET AL.

(Filed 1 December, 1948.)

**1. Mortgages § 35c—**

The evidence tended to show that the *cestui* instructed the trustee to foreclose the deed of trust and to have someone bid in the property for him, and that at the sale the person selected by the trustee did bid in the property for the *cestui*. *Held:* An instruction to the effect that as a matter of law the bidder was an agent of the trustee and the sale voidable, is error, since a *cestui* is entitled to buy at the foreclosure sale in the absence of fraud or collusion, and therefore can do so through an agent.

**2. Cancellation of Instruments § 12—**

Where plaintiff, attacking a deed of trust for fraud or undue influence, introduces some evidence of misrepresentation after the execution of the instrument but no evidence of overreaching on the part of the *cestui* at the time the instrument was executed, it is not error for the trial court to instruct the jury to answer the issue of fraud and undue influence in the negative.

APPEAL by plaintiff and defendant from *Rousseau, J.,* April Term, 1948, of MECKLENBURG.

Civil action to recover possession of land and to remove cloud on title.

Two brothers are contending over a 40-acre farm in Mecklenburg County, each claiming title from their father, the plaintiff to the whole by foreclosure under deed of trust and the defendant to one-half interest by inheritance.

The father purchased the farm in 1902, and executed deed of trust on the property to W. G. Jordan to secure the payment of a $485.05-note. The plaintiff acquired by purchase and assignment this note and deed of trust in 1915. The note was renewed from time to time, the last renewal being executed on 25 February, 1942, for $1,522.32, which represented principal and accrued interest, and was secured by deed of trust on the property made to Neal Y. Pharr, Trustee, and registered in Book 1071, page 141, Public Registry of Mecklenburg County.

The father, a widower, died at the plaintiff's home in South Carolina on 16 February, 1943. The defendant and his wife live in this State at the old home place.

On 3 May, 1943, the Trustee, on instructions from the plaintiff that he foreclose and have someone bid the property in for him, sold the property, after due advertisement, and it was bid in by J. M. Dwelle for the plaintiff. Plaintiff says: "I was not up here on the day of the sale. I never saw Mr. Dwelle and never heard of him before today. I wrote Mr. Pharr and I undoubtedly asked him to handle it for me."

The Trustee testified: "I conducted the foreclosure sale. I did not bid in the property. . . . The property was bid in by J. J. Graham, Jr., by J. M. Dwelle, Agent. . . . It is entirely possible that I had instructions from J. J. Graham, Jr., to have someone bid the property in for him. . . . It is entirely possible that I told Mr. Dwelle that I had instructions from Graham to bid on the property for some specified amount. . . . The bid was $1,690.71, subject to all unpaid taxes and assessments, including 1943 taxes. . . . I don't remember whether that was the only bid that was put on the property."

The issues, submitted to the jury and answered under instructions from the court, follow:

"1. Was the deed of trust, recorded in Book 1071, at page 141, in the office of the Register of Deeds of Mecklenburg County, and relied upon by the plaintiff, secured or obtained by undue influence or fraud, as alleged in the answer? Answer: No.

"2. Was the foreclosure which took place on the 3rd day of May, 1943, voidable in law? Answer: Yes.

"3. Is the plaintiff the owner, in fee simple, of the premises and entitled to immediate possession? Answer: No."

From judgment on the verdict, both sides appeal, assigning errors.

*J. Spencer Bell for plaintiff.*

*Thaddeus A. Adams for defendant.*

STACY, C. J. In 1943, J. J. Graham, Sr., died seized of a farm in Mecklenburg County and leaving him surviving two sons, who are now contending over the old home place or the rooftree. Both appeal from the outcome in the court below, each presenting a single question vital to his position.

1. Plaintiff's appeal: The plaintiff is satisfied with the answer to the first issue, and contends that the jury should have been instructed to answer the second and third issues in his favor also, if the evidence is to be believed.

The court instructed the jury that "a trustee in the sale of land under a deed of trust cannot bid for either party," and "the court has concluded, as a matter of law," that, here, if the trustee "requested someone else to bid the land in for the plaintiff," the man who did the bidding was the trustee's agent, and therefore the trustee did the bidding himself, and that makes a voidable sale.

The instruction seems to be predicated on the case of *Davis v. Doggett,* 212 N. C. 589, 194 S. E. 288. In that case, however, it was conceded that the attorney who conducted the sale and bid in the property was acting as agent for both seller and buyer. Here, the situation is quite

different. The foreclosure was conducted by the Trustee. The property was bid in by the plaintiff's agent, J. M. Dwelle. The case of *Mills v. Mutual B. & L. Asso.*, 216 N. C. 664, 6 S. E. (2) 549, is likewise distinguishable.

The plaintiff was the *cestui* in the deed of trust. In the absence of fraud or collusion, he was entitled to buy at the foreclosure sale. *Bunn v. Holliday*, 209 N. C. 351, 183 S. E. 278. Of course, what he could do himself, he could do through an agent.

On the record as presented the instruction must be held for error.

2. Defendants' appeal: The defendants are satisfied with the answer to the second and third issues, and insist with confidence that error was committed by the trial court in instructing the jury to answer the first issue in the negative.

There is much in the evidence to suggest a want of charity or even generosity on the part of the plaintiff towards his less fortunate brother. Nevertheless the first issue speaks to undue influence or fraud in the procurement of the deed of trust, and the record is barren of any over-reaching on the part of the plaintiff at the time of its execution by his father. He may have misled his brother in subsequent correspondence, but not his father at the time of its execution. At least, such is the record as it now appears. Whether the defendant has any remedy in equity under the doctrine of a constructive trust is not presented.

Hence, the result:

On Plaintiff's Appeal, New trial.

On Defendant's Appeal, No error.