DeBRUHL v. HARVEY & SON CO.

---

BENJAMIN A. DeBRUHL AND WIFE, NELL E. M. DeBRUHL; MARY E. DeBRUHL; GLENNIE DeBRUHL JOHNSON AND HUSBAND, WILLIE W. JOHNSON; JOSEPHINE DeBRUHL SMITH AND HUSBAND, CARL M. SMITH, AND JAMES E. DeBRUHL AND WIFE, POLLY H. DeBRUHL v. L. HARVEY & SON COMPANY, INC.; MARY HEARTT HARVEY, WIDOW; LEO H. HARVEY AND WIFE, LAURA HYMAN HARVEY; MARY LEWIS WILSON, WIDOW; C. F. HARVEY, III AND WIFE, MARGARET BLOUNT HARVEY; R. A. WHITAKER, TRUSTEE; FLOYD HILL AND WIFE, PEARL HILL; AND WALTER D. LaROQUE.

(Filed 29 April, 1959.)

**1. Appeal and Error § 49—**

Where, in a trial by the court under agreement of the parties, the court makes no specific findings of fact, but enters judgment of involuntary nonsuit, the only question presented on appeal is whether the evidence, taken in the light most favorable to plaintiff, would support findings of fact upon which plaintiff could recover.

**2. Appeal and Error § 38—**

Exceptions not set out in the brief or in support of which no argument is stated or authority cited, are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**3. Mortgages § 35c—**

The *cestui que trust*, either directly or through an agent, may purchase the property at a foreclosure sale conducted by the trustee.

**4. Mortgages § 39c(3)—**

Where the trustee's deed is regular upon its face, was duly executed and contains recitals which show compliance with the statutes regulating foreclosure of deeds of trust, the burden of proof rests upon the party asserting irregularity in the foreclosure to prove same.

**5. Mortgages § 39e(1)—**

Where a deed of trust covers one tract in fee and the life estate of the *femme* mortgagor in another tract, subject to prior liens, and only the tract conveyed in fee as security is foreclosed and the proceeds of sale are exhausted in the payment of the prior liens, the validity of the foreclosure is not affected by the fact that the *cestui* in the deed of trust foreclosed receives nothing out of the proceeds of sale or the fact that his indebtedness is thereafter discharged by application of the rents and profits from the lands in which the *femme* mortgagor owned a life estate.

**6. Same— Nonsuit held proper in this action to recover land foreclosed upon alleged agreement of the cestui-purchaser to reconvey.**

Deed of trust conveying as security for the debt a tract of land in fee and a life estate in another tract of land was foreclosed solely as to the first tract and the *cestui* purchased at the sale. The proceeds of sale were applied to prior liens without any payment on the deed of trust foreclosed. Under agreements of the parties that the life estate should not be foreclosed, the rents and profits from the life estate were applied to the indebtedness, and some thirteen years after the foreclosure the notes were marked paid and surrendered to the mortgagors, and the deed of trust marked paid and canceled. Mortgagors alleged an agreement by the *cestui* to reconvey the land to them upon the payment of the indebtedness, but did not allege that the *cestui* agreed to hold legal title as trustee for mortgagors. *Held:* In the absence of evidence tending to support the allegation of the spicific agreement to reconvey, or any sufficient evidence that the mortgagors remained in possession after foreclosure, nonsuit was properly entered.

**7. Adverse Possession § 20—**

Every possession is presumed to be under the true title and permissive rather than adverse. G.S. 1-42.

**8. Pleadings § 24—**

A plaintiff must make out his case *secundum allegata.*

Appeal by plaintiffs from *Parker, J.,* October Term, 1958, of Jones.

J. A. DeBruhl and wife, Delia DeBruhl, both now deceased, instituted this action February 4, 1946, to recover a 227.2-acre tract of land in Beaver Creek Township, Jones County, and for an accounting as to rents and profits.

The heirs at law and next of kin of said original plaintiffs were made and are now the parties plaintiff. The present plaintiffs adopted, without modification, the original complaint. Hence, J. A. DeBruhl

and Delia DeBruhl are the persons referred to as plaintiffs in the complaint. Too, they are the persons referred to in this statement and in the opinion as the DeBruhls.

Upon the death of Mary Heartt Harvey, an original defendant, the Executor and Executrix of her estate were made parties defendant and adopted the answer theretofore filed on her behalf.

The parties waived jury trial as to all issues raised by the pleadings except those relating to an accounting, and agreed that the presiding judge should hear the evidence, find the facts, make the necessary conclusions of law and render judgment thereon.

Record evidence discloses these facts:

By deed of trust dated February 4, 1921, J. A. DeBruhl and wife, Delia DeBruhl, conveyed to C. Oettinger, Trustee, as security for the payment of their indebtedness of $6,136.80 to L. Harvey & Son Company, a corporation, evidenced by their five "sealed bonds," each for $1,227.36, payable on the first day of January of the years 1922-1926, inclusive, the following:

1. The said 227.2-acre tract, then owned by J. A. DeBruhl subject to two prior mortgage liens executed by the DeBruhls, to wit: (a) a first lien mortgage deed dated February 16, 1920, to the Federal Land Bank of Columbia, securing $4,000.00, payable in thirty-five annual installments, and (b) a second lien mortgage deed dated February 16, 1920, to Kinston Insurance & Realty Company, securing three notes of $333.30 each, aggregating $999.90, payable on the 16th day of February of the years 1921-1923, inclusive. (A 51.35-acre tract, not involved herein, was also conveyed by the mortgage deeds described in (a) and (b).)

2. The *life estate* of Delia DeBruhl in a separate tract of land in said Beaver Creek Township, containing 83½ acres, more or less, hereafter called the "life estate tract." This tract is sometimes referred to as the DeBruhl homeplace. In 1913, this tract had been conveyed "to said Delia DeBruhl for the term of her natural life, and after her death, to the children of said Delia DeBruhl begotten of her by the said J. A. DeBruhl, whether they be now in esse or are hereafter begotten, and their heirs and assigns."

On April 20, 1923, C. Oettinger, Trustee, offered for sale at public auction the said 227.2-acre tract subject to said *first lien* mortgage deed to the Land Bank. L. Harvey & Son Company became the last and highest bidder at $1,190.00 cash and the assumption of approximately $4,257.00 due the Land Bank. There was no upset bid. L. Harvey & Son Company assigned its said bid to Leo H. Harvey.

By deed dated May 4, 1923, C. Oettinger, Trustee, conveyed said 227.2-acre tract to Leo H. Harvey, his heirs and assigns, subject to said first lien deed of trust to the Land Bank. This deed contains full recitals as to default, due advertisement, etc., incident to said fore-closure.

C. Oettinger, Trustee, in final report filed with and approved by the clerk of superior court, reported that he had disbursed the $1,190.-00, received by him as cash purchase price, as follows: (a) A total of $67.50 in payment of foreclosure expenses, and (b) the balance of $1,122.50 to Kinston Insurance & Realty Company to apply on the indebtedness secured by its *second lien* mortgage deed. This report states that "there is a balance due on a prior mortgage indebtedness to Kinston Insurance & Realty Company after the payment of the amount set out above." The original of said *second lien* mortgage deed was marked "Satisfied in full" by Kinston Insurance & Realty Company on May 5, 1923; and it was cancelled of record by the Register of Deeds on May 15, 1923.

The said "life estate tract" was not involved in said foreclosure by C. Oettinger, Trustee.

By agreement dated February 6, 1926, Delia DeBruhl leased said "life estate tract" to her husband, J. A. DeBruhl, for a period of five years, ending December 31, 1930, at an annual rental of $250.00; and, by an assignment of lease dated February 6, 1926, executed by J. A. DeBruhl and wife, Delia DeBruhl, the rental payable under said lease was assigned to L. Harvey & Son Company to be applied on the DeBruhls' said indebtedness of $6,136.80 to L. Harvey & Son Company. In said assignment of lease, L. Harvey & Son Company agreed that said deed of trust to C. Oettinger, Trustee, would not be foreclosed as to said "life estate tract" during the term of said lease if J. A. DeBruhl complied with his obligations thereunder in respect of the payment of rents and taxes.

By deed dated June 10, 1926, Leo H. Harvey conveyed to L. Har-vey & Son Company said 227.2-acre tract subject to said mortgage deed to the Land Bank. (Other lands were included in this convey-ance.)

By agreement dated January 1, 1931, Delia DeBruhl leased said "life estate tract" to her husband, J. A. DeBruhl, for a period of five years ending December 31, 1935, at an annual rental of $200.00; and the DeBruhls executed an assignment of lease dated January 1, 1931, which, with reference to this lease, contained the same provisions, stated above, set forth in the assignment of the first lease of Febru-ary 6, 1926.

These entries appear on the margin of the record of said deed of trust to C. Oettinger, Trustee: 1. "Satisfied and Paid in Full this Dec. 31, 1936. L. Harvey & Son Company, Leo H. Harvey, Pres." 2. "This LIEN AND MORTGAGE with note attached has this day been presented marked paid and satisfied and according to law I therefore cancel same. This 31 day of December 1936. GEO. G. NOBLE, Register of Deeds."

By deed dated January 15, 1943, L. Harvey & Son Company conveyed to Mary Heartt Harvey, Leo H. Harvey, Mary Lewis Harvey Wilson and C. F. Harvey, III, said 227.2-acre tract subject to said mortgage deed (then securing a balance of $2,363.50) to the Land Bank. (Other lands were included in this conveyance.)

By deed dated October 17, 1945, Mary Heartt Harvey, et al., for a recited consideration of $5,000.00, conveyed said 227.2-acre tract to Floyd Hill and wife, Pearl Hill.

By deed of trust dated October 30, 1945, Floyd Hill and wife, Pearl Hill, conveyed said 227.2-acre tract to R. A. Whitaker, Trustee, as security for the payment of a principal indebtedness of $4,000.00 to Walter D. LaRoque.

The deed and deed of trust described in the two preceding paragraphs were filed for registration on November 17, 1945. The Land Bank, on November 16, 1945, acknowledged payment and satisfaction of its said mortgage deed, which, on January 4, 1946, was cancelled of record by the Register of Deeds.

While other allegations will be referred to in the opinion, the following paragraphs (our numbering) constitute the gist of plaintiffs' alleged cause of action, viz.:

1. Prior to February 6, 1926, the DeBruhls and L. Harvey & Son Company, through C. F. Harvey, Sr., its president, entered into the following agreement: (1) The DeBruhls "agreed to pay the indebtedness evidenced by said five notes, totaling $6,136.80, plus accrued interest, said payments to be made in the nature of rent for the 227.2-acre tract of land," and "as additional security for the payment of the said indebtedness and as a part of the same agreement," executed the lease and assignment of lease dated February 6, 1926. (2) L. Harvey & Son Company agreed that, "upon payment of the said indebtedness . . . through the application of the rents provided for in the said lease . . . and the application of rents and other income from the 227.2-acre farm the said notes should be cancelled and the deed of trust cancelled of record and title to the said premises revested in . . . J. A. DeBruhl, free and clear of any claim or demand" on the part of L. Harvey & Son Company.

2. ". . . the plaintiffs, in compliance with the terms and provisions of their agreement, cultivated the 227.2-acre tract of land continuously from and after February 6, 1926, and until the beginning of the calendar year 1946, during which time they paid or caused to be paid to . . . L. Harvey & Son Company, Inc., the amounts agreed to be paid under the terms and provisions of the agreement . . . as rents."

3. ". . . through the application of the rents provided for in the said lease executed between the plaintiffs and assigned to the said defendant (L. Harvey & Son Company), and the application of rents and other income from the 227.2-acre farm," the DeBruhls paid in full their said indebtedness of $6,136.80, plus accrued interest, to L. Harvey & Son Company, and thereupon the five notes and the deed of trust to C. Oettinger, Trustee, were cancelled of record by the Register of Deeds.

4. The grantees in the several conveyances made subsequent to plaintiffs' payment of their said indebtedness to L. Harvey & Son Company had notice of plaintiffs' equities in said 227.2-acre tract and these conveyances should be adjudged void.

Defendants Hill and LaRoque, in separate answer, denied plaintiffs' said allegations. They allege, *inter alia*, that they are *bona fide* purchasers for value, without notice of any alleged equities of the DeBruhls; and that the Hills are the owners and entitled to the continued possession of said 227.2-acre tract. These defendants, on facts alleged, plead various statutes of limitation.

The other defendants, referred to hereafter as the Harvey defendants, in their joint answer, deny plaintiffs' said allegations. On facts alleged, they plead, in bar of plaintiffs' right to recover, (1) laches, (2) various statutes of limitation, and (3) adverse possession under known and visible lines and boundaries for more than twenty years and under color of title for more than seven years. The Harvey defendants allege, *inter alia*, that $3,636.80 of the DeBruhls' debt had been charged off on the books of L. Harvey & Son Company, and that, in accordance with an agreement made by J. A. DeBruhl and C. F. Harvey, Sr., the DeBruhl indebtedness was cancelled upon their payment of $2,500.00, without interest, the final payment on said $2,-500.00 having been made on December 31, 1936, and that the cancellation of record was solely to clear the record as to the "life estate tract."

Plaintiffs and defendants offered evidence. At the close of all the evidence the court entered judgment of involuntary nonsuit and dismissed the action. Plaintiffs excepted and appealed, assigning errors.

DeBruhl *v.* Harvey & Son Co.

*Jones, Reed & Griffin for plaintiffs, appellants.*
*Geo. R. Hughes, Whitaker & Jeffress and Wallace & Wallace for defendants, appellees.*

Bobbitt, J.  Where, upon waiver of jury trial in accordance with G.S. 1-184, the court makes no specific findings of fact but enters judgment of involuntary nonsuit, the only question presented is whether the evidence, taken in the light most favorable to plaintiff, would support findings of fact upon which plaintiff could recover. *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508, and cases cited.

Certain of the documents included in the record evidence were offered by defendants and admitted over plaintiffs' objections. However, assignments of error based on exception to the admission thereof are deemed abandoned under Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 562. These exceptions are not set out in plaintiffs' brief and no reason or argument is stated and no authority is cited in support thereof.

While plaintiffs' allegations refer to the *purported* foreclosure by C. Oettinger, Trustee, and in general terms declare it void, they do not attack in any particular the regularity thereof. They do allege that Leo H. Harvey purchased the 227.2-acre tract as agent for L. Harvey & Son Company. As to this, Leo H. Harvey testified: "I purchased it for L. Harvey & Son Company. The Trustee's Deed was made to me." An example of his further testimony, relative to the rental of the farm until the sale and conveyance in 1945 to the Hills, is the following: "That year (1924) *we* rented the farm to Mr. J. B. Huggins, . . ." (Our italics)

"It is well settled in this jurisdiction that the *cestui que trust* has the right to buy at the trust sale unless fraud or collusion is alleged or proved." *Hare v. Weil,* 213 N.C. 484, 487, 196 S.E. 869, and cases cited; *Graham v. Graham,* 229 N.C. 565, 50 S.E. 2d 294. Here there is neither allegation nor evidence of fraud or collusion. L. Harvey & Son Company had a legal right to purchase at the foreclosure sale.

When it appears that the trustee's deed (1) is regular upon its face, (2) was duly executed, and (3) contains recitals which show compliance with the statute regulating the foreclosure of a deed of trust, the burden of proof rests upon him who asserts irregularity in the foreclosure. *Jones v. Percy,* 237 N.C. 239, 74 S.E. 2d 700, and cases cited.

One fact is clearly established, namely, that nothing was realized from the foreclosure by C. Oettinger, Trustee, for application on the DeBruhl indebtedness of $6,136.80, plus interest, to L. Harvey & Son

Company. Indeed, the DeBruhls, in the lease and assignment of lease of February 26, 1926, set forth that their indebtedness in that amount was then outstanding and unpaid. In this connection, it is noted that these documents, and the similar documents of January 1, 1931, relate solely to the "life estate tract." They contain no reference whatever to the 227.2-acre tract.

It is quite clear that the DeBruhls and L. Harvey & Son Company on February 6, 1926, and again on January 1, 1931, acted upon the assumption that the deed of trust to C. Oettinger, Trustee, continued as a lien on the "life estate tract" notwithstanding the 1923 foreclosure sale of the 227.2-acre tract. *Layden v. Layden,* 228 N.C. 5, 44 S.E. 2d 340, decided in 1947, has no legal bearing on the status of the 227.2-acre tract *that was sold* under foreclosure in 1923. It would be relevant only if C. Oettinger, Trustee, had attempted to sell the "life estate tract" in an attempted second foreclosure.

Conceding, for present purposes, that L. Harvey & Son Company was the purchaser at said foreclosure sale, and that Leo H. Harvey, from May 4, 1923, until his conveyance of June 10, 1926, to L. Harvey & Son Company, held legal title solely as trustee, L. Harvey & Son Company became the owner of said 227.2-acre tract in 1923 free and clear of any right, title or interest of the DeBruhls.

In this connection, it is noted that plaintiffs do not allege that L. Harvey & Son Company or Leo H. Harvey purchased at said foreclosure sale under any agreement to hold title to the 227.2-acre tract in trust for plaintiffs. Plaintiffs allege (defendants deny) that "prior to February 6, 1926," J. A. DeBruhl was informed by C. F. Harvey, Sr., that "there had been an attempted foreclosure" of the deed of trust to C. Oettinger, Trustee, but that plaintiffs "should ignore and pay no attention to the purported foreclosure sale." The gravamen of plaintiffs' cause of action is *the alleged agreement* between J. A. DeBruhl and C. F. Harvey, Sr., acting for L. Harvey & Son Company, made as part of the transaction in which the lease and assignment of lease of February 6, 1926, relating to the "life estate tract," were executed.

While there is no evidence that C. F. Harvey, Sr., was *president* of L. Harvey & Son Company, the Harvey defendants admit, indeed allege, that prior to his death on February 11, 1931, C. F. Harvey, Sr., acted for L. Harvey & Son Company in all conferences and dealings with the DeBruhls.

*The alleged agreement,* if made, was made in this factual setting: L. Harvey & Son Company owned the 227.2-acre tract. The DeBruhls owed $6,136.80, plus interest. The parties *understood* that the deed of

trust to C. Oettinger, Trustee, was a lien on Delia DeBruhl's life estate in the "life estate tract."

It is noted that plaintiffs *allege* that they "cultivated the 227.2-acre tract of land continuously from and after February 6, 1926, and until the beginning of the calendar year 1946." The Harvey defendants *allege* that *they* had been in continuous adverse possession since May 4, 1923, and that such possession as plaintiffs had from time to time was as tenants of defendants and in full recognition of their title. Disregarding unsupported allegations, there is no evidence that J. A. DeBruhl had any possession of the 227.2-acre tract from May 4, 1923, until 1938. (Note: Leo H. Harvey's testimony that the 227.2-acre tract had been rented to J. A. DeBruhl in 1932 for $150.00 was, upon plaintiffs' motion, stricken.)

G.S. 1-42, in pertinent part, provides: "In every action for the recovery or possession of real property, or damages for a trespass on such possession, the person establishing a legal title to the premises is presumed to have been possessed thereof within the time required by law; and the occupation of such premises by any other person is deemed to have been under, and in subordination to, the legal title, unless it appears that the premises have been held and possessed adversely to the legal title for the time prescribed by law before the commencement of the action."

For present purposes, we disregard defendants' evidence as to their possession. Plaintiffs' evidence consists of the testimony of three witnesses. Williams and Chapman testified that they lived on the Hill farm in 1938 and 1943, respectively, and that they rented for these years from J. A. DeBruhl and paid the rent to him. Ethel Blizzard testified that in 1944 she and her husband (now deceased) lived in the house now occupied by the Hills; and that her husband rented the place for that year from J. A. DeBruhl.

We need not appraise the testimony of these three witnesses as to its bearing upon defendants' affirmative pleas of adverse possession under visible lines and boundaries and under color of title. Suffice to say, plaintiffs offered no evidence to show that they made any payments to L. Harvey & Son Company "in the nature of rent for the 227.2-acre tract of land" or other income therefrom.

The Harvey defendants admit, indeed allege, that on December 31, 1936, L. Harvey & Son Company, by Leo H. Harvey, President, marked each of the notes "Paid" and delivered them to the DeBruhls. (Note: They *allege* that this was done when the DeBruhls had paid $2,500.00, not $6,136.80, plus interest.) The fact that the owner and holder of the notes aggregating $6,136.80 entered "Paid" thereon and

surrendered them to the makers is evidence, nothing else appearing, that the makers had made payment in full. Even so, the entries made in 1936 on the notes aggregating $6,136.80 and on the margin of the record of the deed of trust to C. Oettinger, Trustee, could not and did not impair the validity of the foreclosure sale of the 227.2-acre tract in 1923.

Plaintiffs allege that, after the DeBruhls made full payment, they called upon L. Harvey & Son Company "to revest them with the title to the said lands in accordance with the agreement, which demands the defendant L. Harvey & Son Company, Inc., declined to comply with, and continued thereafter to collect rents from the said lands and retain the same."

Considered in the light most favorable to plaintiffs' their case comes to this: L. Harvey & Son Company, on or about February 6, 1926, agreed that, upon payment by the DeBruhls of their indebtedness of $6,136.80, plus interest, it would convey to J. A. DeBruhl the said 227.2-acre tract; and that, notwithstanding the payment in full by the DeBruhls of their said indebtedness, L Harvey & Son Company refused to convey this land to J. A. DeBruhl.

A plaintiff must make out his case *secundum allegata*. There can be no recovery except on the case made by his pleadings. *Andrews v. Bruton,* 242 N.C. 93, 95, 86 S.E. 2d 786, and cases cited; *Mesimore v. Palmer,* 245 N.C. 488, 96 S.E. 2d 356.

The fatal defect in plaintiffs' case is that they have offered no evidence that L. Harvey & Son Company, by C. F. Harvey, Sr., or otherwise, entered into *the alleged agreement.* Hence, we need not explore what plaintiffs' remedy would be if such alleged agreement had been made, orally or in writing, or what statute of limitation would be applicable in such case to such remedy.

If, in fact, the DeBruhls paid the $6,136.80, plus interest, in full, they paid no more than the amount of their admitted indebtedness to L. Harvey & Son Company. Nothing else appearing, a debtor, upon payment of an honest debt, acquires no right to any of his creditor's property.

Since only the correctness of the judgment of involuntary nonsuit is presented, we have considered only the portions of defendants' evidence favorable to plaintiffs.

For the reasons stated, the court properly entered judgment of involuntary nonsuit as to L. Harvey & Son Company. Since the other defendants derive title from L. Harvey & Son Company, the court properly entered judgment of nonsuit as to them. Hence, it is un-

necessary to consider defenses that may be available to them in addition to those available to L. Harvey & Son Company.

Affirmed.