RANDOLPH B. DENSON AND WIFE, THEO J. DENSON, AND
JOYCE D. SMITHDEAL v. JAMES M. DAVIS.

(Filed 11 April, 1962.)

**1. Trespass to try Title § 2—**

While ordinarily the burden is upon the plaintiffs in an action to try
title to realty to prove that they are the owners of the land, where plain-
tiffs introduce instruments constituting a chain of title from defendant,
which instruments are valid on their face, defendant has the burden of
proving his asserted invalidity of these instruments, based on matters
*dehors* the record, as an affirmative defense.

**2. Mortgages and Deeds of Trust § 28—**

A charge to the effect that if the trustee and the person making the
last and highest bid at a foreclosure sale were both agents of the *cestui*
the foreclosure sale is voidable, must be held for prejudicial error in the
absence of evidence that the trustee had power to direct foreclosure or
stipulate the amount which should be bid, since under such charge
the *cestui*, a corporation, could not protect its interests by having an
agent buy the property, and the charge fails to present the question
whether the parties acted in good faith without any fraud and whether
the *cestui* obtained any undue advantage.

**3. Mortgages and Deeds of Trust § 35—**

If the debtor rents the land from the *cestui* after foreclosure and pur-
chase of the property by the *cestui*, he recognizes the validity of the
foreclosure and is estopped thereafter to attack same, and where there
is conflict in the evidence as to whether the sum paid by the debtor to
the *cestui* after foreclosure was rent or a payment on the purchase price,
the issue of ratification of the sale is for the jury.

**4. Mortgages and Deeds of Trust § 39—**

Where both the validity of the foreclosure sale and the ratification of
the sale by the debtor after foreclosure are presented by allegations and
evidence the questions should be submitted under separate issues.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Bundy, J.,* November 1961 Term of EDGE-
COMBE.

This is an action to try title to two tracts of land in Edgecombe
County, one tract containing one acre, the other, 20.9 acres.

Plaintiffs alleged: They were the owners of the two tracts, having
acquired them from Virginia-Carolina Chemical Corporation (here-
after V-C). It had acquired title pursuant to a foreclosure deed made
by M. L. Cromartie, executed pursuant to the power of sale contained
in a deed of trust to him from defendant. Defendant, subsequent to
the foreclosure, rented the lands from V-C, thereby recognizing its

title. Defendant has trespassed on the lands since plaintiffs purchased, with threats of continuing trespasses.

Defendant denied the trespass, admitting he was in possession and asserting his possession was rightful. He averred: The purported foreclosure deed executed by Cromartie to V-C was insufficient to divest his title because Cromartie, the trustee, was an employee of V-C, the *cestui que trust* in the deed of trust, and because of such relationship, the instrument securing V-C was in law a mortgage. A mortgagee cannot buy at its sale. The deed from V-C to plaintiffs was a quitclaim deed, thereby putting plaintiffs on notice of the equities existing between V-C and defendant. He denied that he had rented the lands from V-C; but contracted with V-C to repurchase the 20.9 acres and paid $150 on the agreed purchase price. By this contract V-C would continue to own the one-acre tract.

As determinative of the rights of the parties, the court submitted this issue: "As between plaintiffs and defendant are plaintiffs the owners in fee simple of the two tracts of land as described in the Complaint?" The jury answered the issue "No." Judgment was entered on the verdict. Plaintiffs appealed.

*Bourne & Bourne by Henry C. Bourne for plaintiff appellant.*

*Battle, Winslow, Merrell, Scott & Wiley by Robert M. Wiley for defendant appellee.*

RODMAN, J.   The record evidence shows:

(1) The one acre was, in November 1925, allotted to Maggie Battle Daughtry in the division of the estate of her father, Israel Battle. The other tract was allotted in that division to Jim Battle.

Daughtry and her husband conveyed the one-acre tract to defendant and his wife in 1946. By deed dated 8 December 1953 Maggie Daughtry and husband conveyed the 20.9-acre tract to defendant. This deed recited that Jim Battle had agreed in 1925 to convey it to the Daughtrys. He had not done so. Pursuant to the agreement to purchase, the Daughtrys had taken possession in 1925 and had been in exclusive adverse possession since that date, thereby acquiring good title. Defendant secured the purchase price of the 20.9 acres by deed of trust which was duly recorded. It secured three notes payable in November of the years 1954, 1955, and 1956. This deed of trust has not been cancelled.

(2) On 3 April 1956 defendant and his wife executed a deed of trust to M. L. Cromartie to secure an indebtedness to V-C, payable 1 October 1956. The deed of trust conveyed the land here in controversy, the crops to be grown thereon, and some other personalty. It contained

the usual provisions authorizing the trustee to sell upon default in the payment of the debt secured.

(3) A foreclosure deed dated _____ 1957, acknowledged 26 November 1957, from Cromartie, trustee, to V-C. This deed recites it was executed pursuant to and in compliance with the power of sale contained in the deed of trust to Cromartie. It conveys both tracts for a recited consideration of $1200, the amount bid at the sale.

(4) A deed from V-C to plaintiffs dated 6 January 1960, describing both tracts, for a recited consideration of $1000. The granting clause of the deed reads: ". . . SAID party of the first part . . . has remised, released and quit claimed by these presents doth forever remise, release, and quit claim unto . . . parties of the second part . . . all right, title, claim and interest of the said Virginia-Carolina Chemical Corporation . . ." The habendum reads: "TO HAVE AND TO HOLD the aforesaid tracts or parcels of land, with all privileges and appurtenances thereunto belonging, unto them . . . parties of the second part . . . free and discharged from all right, title, claim, or interest of the said Virginia-Carolina Chemical Corporation, party of the first part, or anyone claiming by, through or under it."

Cromartie, trustee in the deed of trust, a witness for defendant, testified: "I supervise credit and loans . . . Most likely Mr. Delbridge, our dealer negotiated with James Davis for extending the credit secured in that Deed of Trust, submitted it to me and I approved the same for the Virginia-Carolina Chemical Corporation. . . . The loan was never repaid and I foreclosed it. He had had sufficient time to make the payment. I haven't the explicit right to foreclose. I have the right to extend credit and did, but when it comes to foreclosure its different. I was ordered to do that. I foreclosed it. Mr. Clarence Brown, a V-C Fertilizer dealer in Tarboro bid in the property. Mr. Brown was an agent of V-C at the time he bid in the property. At the time I sold the property as Trustee I was an agent of the Virginia-Carolina Chemical Corporation. . . . Mr. Brown is a peanut dealer in Tarboro and sells V-C fertilizer. He buys fertilizer from us and sells it. He is not a subordinate of mine. He was buying for the Virginia-Carolina Chemical Corporation at this sale. The decision to foreclose was made in the Norfolk office and I was instructed to foreclose."

The court charged the plaintiffs had the burden of establishing they were, as alleged, the owners of the land in controversy. This is true in actions to try title when the parties assert title under different sources, but the rule has no application when plaintiff traces title to defendant by instruments valid on their face and the asserted invalidity of these instruments is based on matters dehors the record. The invalidity due to such matters is an affirmative defense, placing

the burden on one who asserts it. *Chisholm v. Hall,* 255 N.C. 374, 121 S.E. 2d 726; *DeBruhl v. Harvey & Son Co.,* 250 N.C. 161, 108 S.E. 2d 469; *Kelly v. Kelly,* 246 N.C. 174, 97 S.E. 2d 872; *Hayes v. Ricard,* 245 N.C. 687, 97 S.E. 2d 105; *Jones v. Percy,* 237 N.C. 239, 74 S.E. 2d 700.

The court told the jury that courts look with jealousy upon the exercise of a power of sale in a mortgage or deed of trust. Then he charged: "Neither the mortgagee nor the trustee is permitted to bid in and purchase the property at his own sale either directly or indirectly but if he does so the sale is not void but voidable and the mortgagor or trustor, the one who executed the mortgage or deed of trust, may set aside such sale or may bring suit to do so, or sue for wrongful foreclosure regardless of good faith or absence of fraud. . . . The law is, and I instruct you that one who is the agent of someone else and acting as agent is acting for his principal, and if one in the employ of someone else, a company or corporation or an individual, sells land at a foreclosure sale then he is the agent if he is doing it for the folks by whom he is employed, then he is the agent and the acts of an agent are the acts of the agent's principal. And one who buys at a foreclosure sale, if he is an agent of the principal, then his acts are his principal's acts, and the one who sells, if he is the trustee, if he is also an employee and agent for the company for whose advantage the sale is made or to pay off an indebtedness to that person, his acts are the acts of the principal, and the law is in this state a trustee who is acting as agent for a cestui que trust, if in doing so he sells land at a foreclosure sale to his employer for whom he is agent then that is a voidable sale. That is also so if another agent for the same principal purchases the property at that sale, the law looking at it that the principal is doing all of it."

Based on the testimony, the court's charge amounted to a peremptory instruction to find for defendant. The fact that defendant's debt was in default, that the parties acted in good faith, and without any fraud, was, according to the court's charge, immaterial. All that was necessary was to show that the trustee was an employee of the *cestui que trust,* that the person who appeared and bid for the property was another agent or employee of the *cestui que trust,* and was acting for his employer in making the bid. The fact that the trustee was without power and authority to direct foreclosure was, under the charge, immaterial. Under the charge, the *cestui que trust,* a corporation, could not, in order to protect its interest, bid for the property.

This charge does not conform to the law as previously declared by this Court. *Graham v. Graham,* 229 N.C. 565, 50 S.E. 2d 294; *Hare v. Weil,* 213 N.C. 484, 196 S.E. 869; *Hill v. Fertilizer Co.,* 210 N.C.

417, 187 S.E. 577; *Elkes v. Trustee Corporation,* 209 N.C. 832, 184 S.E. 826; *Monroe v. Fuchtler,* 121 N.C. 101; see annotation 138 A.L.R. 1013; 59 C.J.S. 979.

Defendant cites, to support the charge as given, *Warren v. Land Bank,* 214 N.C. 206, 198 S.E. 624; *Davis v. Doggett,* 212 N.C. 589, 194 S.E. 288; and *Mills v. Building & Loan Ass'n.,* 216 N.C. 664, 6 S.E. 2d 549. A comparison of the facts in this case with the facts in the cases relied upon by defendant will show the reason for the differing results.

In *Warren v. Land Bank, supra,* the trustee had authorized an agent of the creditor to handle the foreclosure. The notice of sale which the agent published gave no information as to where the sale would be made. As a result, an agent of the creditor was able to purchase the property for less than its fair value. The land bank only bid $2400 for the property, and the day after it got the deed, it sold the land for $3500.

In *Davis v. Doggett, supra,* and *Mills v. Building & Loan Ass'n., supra,* the trustee acted for the creditor in bidding for the property. The vitiating facts in those cases are summarized by *Barnhill, J.,* in the *Mills* case, where he said: "The evidence in this record indicates that the trustee, in fact, acted both for himself, as trustee, and for the creditor, as chief executive officer. He, as the chief executive officer, demanded of himself, as trustee, that the property be foreclosed. As trustee, he advertised and sold. As manager of the creditor, he determined the amount to be bid and directed himself, as trustee, to place a bid in that amount. Then, as trustee, he placed the bid for the creditor and made the sale thereon. Prior to the sale he prepared a memorandum in his own handwriting, which was signed by his subordinate, at his direction, authorizing bids at five separate foreclosure sales to be made on the same date. As to four of these he gave himself discretion to bid from a minimum to a maximum amount. While the written memorandum designates only one amount to be bid at the foreclosure of the instrument under consideration, it cannot be gainsaid that if he had the authority to vest in himself discretionary power prior to the sale, he possessed that same discretion at the sale so that he could have bid more if he deemed it wise to do so."

In the present case defendant's evidence does not show that Cromartie had power to order a foreclosure. There is no suggestion that he had any power to fix the amount which would be bid. In fact he placed no bid on the property.

The court erred in instructing the jury that the creditor could not designate an agent to bid for and purchase property merely because the trustee was also an employee of the creditor.

As the court informed the jury, a purchase by a mortgagee at his own sale is not void. It is merely voidable and can be ratified. When the mortgagor or trustor, with knowledge of the defects, does some act which constitutes a recognition of the validity of the sale, he ratifies the sale. *Fowler v. Insurance Co., ante,* 555; *Wolfe v. Land Bank,* 219 N.C. 313, 13 S.E. 2d 533; *Council v. Land Bank,* 213 N.C. 329, 196 S.E. 483; *Hill v. Fertilizer Co., supra.* It is said in Jones on Mortgages, 8th ed., vol. 3, sec. 2145: "By claiming the right to redeem from a sale, one affirms the validity thereof, and is estopped to assail it." Here there is evidence on behalf of plaintiffs that defendant recognized the title of V-C, assumed the position of tenant for a year, and paid rent. Defendant denies that he rented, but he alleged and testified that he negotiated for a purchase from V-C of a part of the property, that they reached an agreement, and he paid $150 on the purchase price. That agreement, according to him, would leave title to the one-acre tract in V-C, and he, upon payment of the balance, would acquire title to the 20.9 acres.

The burden of establishing a ratification is on plaintiffs.

It would seem impossible to correctly charge on the issue submitted by the court in this case. It is suggested there should be an issue with respect to the validity of the foreclosure and another issue with respect to the ratification of the sale, if it be found that the foreclosure was voidable.

This conclusion renders it unnecessary to determine whether plaintiffs, because of the form of the deed to them, stand in the shoes of V-C, and hence subject to all defenses which defendant could have asserted against V-C, if it had not sold. See *Hayes v. Ricard, supra.*

New trial.

SHARP, J., took no part in the consideration or decision of this case.