ALLIED MORTGAGE AND DEVELOPMENT COMPANY, INC., v. THOMAS PITTS, JOHN W. RUSH AND WIFE, VYSTIA B. RUSH.

(Filed 13 December, 1967)

**1. Pleadings § 12—**

In passing upon a demurrer, the facts properly alleged in the complaint must be accepted as true.

**2. Same—**

If a complaint, liberally construed, alleges facts sufficient to constitute a cause of action, demurrer thereto must be overruled, but if the complaint is deficient in factual averments sufficient to sustain its legal conclusions, the demurrer must be sustained, since a demurrer does not admit legal conclusions.

**3. Mortgages and Deeds of Trust § 19—**

If a note secured by a deed of trust is in default, the *cestui* is entitled to demand foreclosure notwithstanding that the balance due on the note is small, and it is the legal duty of the trustee, upon such demand, to advertise and sell.

**4. Mortgages and Deeds of Trust § 29—**

The trustee may, after advertisement and before sale, hold a bid by a third person, and this is proper procedure so long as the trustee is not acting as agent for such third person but is performing the duties of his trust, and the trustee, in the absence of bids at the sale may, declare such third person the purchaser.

**5. Mortgages and Deeds of Trust § 39—**

Where the *cestui* in the second deed of trust does not allege any misconduct on the part of the trustee in the foreclosure of a prior deed of trust on the land, and alleges that such trustee sold after default of the note secured by the prior instrument upon demand by the *cestui* therein, the

foreclosure may not be set aside without allegations of fact permitting a legitimate inference that the sale and deed made pursuant thereto were fraudulent and that the trustors were parties to the fraud.

**6. Same— Complaint held insufficient to state cause of action attacking foreclosure sale under prior deed of trust.**

Plaintiffs alleged that they were the assignees of a note secured by a second deed of trust, that the land was foreclosed under a prior deed of trust, that the balance due on the note secured by the prior deed of trust was extremely small, and that the purchaser at the foreclosure sale was a friend of trustor. There was no allegation of fact permitting the legitimate inference that the purchaser at the foreclosure sale bought for trustor and not himself, and it further appeared that plaintiffs acquired the note by assignment more than two and a half years after the records had given notice that the land had been sold under the prior lien. *Held:* Demurrer was properly sustained in an action attacking the foreclosure.

**7. Same—**

Inadequacy of consideration, standing alone, is not sufficient to justify setting aside a foreclosure sale.

APPEAL by plaintiff from *Latham, S.J.,* May, 1967 Civil Session, RANDOLPH Superior Court.

The plaintiff, Allied Mortgage and Development Company, Inc., a Tennessee corporation with its principal office in Mississippi, instituted this civil action on December 2, 1966 against Thomas Pitts, a resident of Guilford County, and John W. Rush and wife, Vystia B. Rush, residents of Randolph County. The plaintiff, on information and belief, alleged the defendants conspired to defraud the plaintiff of its security for payment of a note for $10,800 executed by Rush and wife and secured by a second deed of trust on four lots in Randolph County. The complaint alleged the defendants procured the assignment of a note secured by a senior deed of trust and the sale of lots under the senior instrument. The further allegations are here summarized:

On April 25, 1961 John W. Rush and wife, Vystia B. Rush, executed a deed of trust to James R. Mattocks, Trustee, conveying four specifically described lots in Randolph County as security for the payment of a $700 note due John A. Reavis and wife. The deed of trust was recorded on March 29, 1962 in Randolph County. On November 20, 1962 Rush and wife executed another deed of trust on the same lots to George Kirzinger, Trustee, as security for the payment of a note for $10,800 due to Homes Beautiful, Inc. The second deed of trust was recorded on January 7, 1963. On February 5, 1963 Homes Beautiful, Inc. assigned the note to Kemwall Financial Corporation, which apparently was merged with Allied Mortgage and Development Company, Inc. On November 5, 1965 Allied Mortgage and Development Company assigned the note to Allied

Investment Company. The latter, on February 8, 1967, reassigned the note to the plaintiff. The plaintiff became the owner of the note after the suit was instituted but before the complaint was filed.

Prior to April, 1964 (date not given) John A. Reavis and wife transferred the $700 note to the defendant, Thomas Pitts, who, on account of default in payment of the balance due on the note, made demand on Mattocks, Trustee, to foreclose under the first lien. The Trustee advertised as required by the trust instrument and provided by statute. Prior to the day of sale, Pitts placed with the Trustee a bid of $91.52, apparently the amount of the balance due on the note. At the sale on April 10, 1964, though Pitts was not present, the Trustee announced his bid. There were no other bids. Pitts was declared the purchaser and on April 27, 1964, in the absence of any objection or advance bid, the Trustee executed a deed to the defendant Pitts covering the four lots. This deed was recorded in Randolph County on April 27, 1964.

The plaintiff further alleged that Thomas Pitts and John W. Rush and wife were close friends and that they intended, by the sale, to deprive the plaintiff of the security under the junior lien. The plaintiff seeks, in the alternative, this relief: (1) The first sale be declared void as fraudulent and the Trustee's deed to the defendant Pitts be set aside, and that the plaintiff be permitted to pay off the first lien and redeem the property; (2) A resale be ordered under the power of the senior deed of trust; (3) That Thomas Pitts be declared a Trustee for the benefit of the plaintiff; (4) That plaintiff recover of John W. Rush and wife the sum of $9,044.42, balance due on the note.

Thomas Pitts filed a demurrer to all alleged causes of action which the plaintiff attempted to assert in the complaint. John W. Rush and wife filed a demurrer to all except No. 4, to which they filed answer admitting they executed the $10,800 note and that it is unpaid. The Court entered judgment sustaining the demurrers. Plaintiff excepted and appealed.

*Miller, Beck and O'Briant and Steve Glass by Adam W. Beck for plaintiff appellant.*

*Morgan, Byerly, Post & Keziah by David M. Watkins for defendant Thomas Pitts.*

*C. Richard Tate, Jr., for defendant appellees Rush.*

HIGGINS, J.  The demurrers were sustained because of failure of the complaint to allege facts sufficient to constitute any cause of action. In passing on a demurrer, the trial court in the first instance, and this Court upon appeal, must accept as true all facts properly

pleaded. *Kuykendall v. Proctor,* 270 N.C. 510, 155 S.E. 2d 293. If, when liberally construed, a complaint alleges facts sufficient to constitute a cause of action, it may not be upset by demurrer. *Belmany v. Overton,* 270 N.C. 400, 154 S.E. 2d 538. A demurrer does not admit the legal conclusions of the pleader, and if such conclusions are required to make out a case, the complaint is deficient in factual averments and the demurrer should be sustained. *Wright v. Casualty Co.,* 270 N.C. 577, 155 S.E. 2d 100; *Freel v. Center, Inc.,* 255 N.C. 345, 121 S.E. 2d 562; *Broadway v. Asheboro,* 250 N.C. 232, 108 S.E. 2d 441.

The complaint before us alleges the defendants conspired to defraud the plaintiff and to defeat the collection of its debts by causing the sale of its security under a prior deed of trust on which was due only $67. The defendant Pitts, who bought the note secured by the first deed of trust, and the makers of that note, were good friends. The complaint alleges there was a balance due. The Trustee advertised and at the sale announced a bid of $91.42 made by Pitts. No other bids were made. Seventeen days elapsed and no advance bid was filed and no objections were made. The Trustee executed a deed to Pitts as purchaser. The deed was recorded in Randolph County where the lots are situated. This occurred 2 years and 9 months before the plaintiff acquired the note from the Allied Investment Company according to the plaintiff's allegations.

Admittedly, the amount due on the Reavis note was small. Nevertheless, full payment was in default. This gave Pitts, the holder of the note, the legal right to demand foreclosure. Upon demand, it became the legal duty of the Trustee, Mattocks, to advertise and sell. After advertisement and before sale, Pitts filed with the Trustee a bid of $91.42. This was proper procedure so long as the Trustee was not acting as the agent of Pitts but was performing the duties of his trust. *Elkes v. Trustee Corp.,* 209 N.C. 832, 184 S.E. 826; *Denson v. Davis,* 256 N.C. 658, 124 S.E. 2d 827. The Trustee announced Pitts' bid and when no others were made, he declared Pitts the purchaser. Seventeen days after the sale, the Trustee executed the deed, which was promptly recorded.

The foregoing facts are alleged in the complaint. On inquiry by the Court during oral argument, counsel for the plaintiff advised that no improper conduct was chargeable to Mattocks. He, as Trustee, was the principal actor in the sale. He is not a party to the action. When wrongful conduct is not charged against the Trustee, and it being alleged in the complaint he acted under the power in a recorded first mortgage which secured a debt then in default, advertised and sold the property covered by the first lien, and executed a deed to the purchaser, that deed may not be set aside without allegations of

facts which will permit a legitimate inference that the sale and deed made pursuant thereto were fraudulent and the trustors were parties to the fraud.

If the makers of both notes had bought, or if facts alleged showing or permitting the legitimate inference Pitts bought for them, and not for himself, a different question would be presented. Facts and not conclusions must be alleged. The complaint is deficient in this respect. Inadequacy of consideration, standing alone, is not sufficient to justify setting aside a foreclosure sale. *Products Corp. v. Sanders,* 264 N.C. 234, 141 S.E. 2d 329; *Roberson v. Matthews,* 200 N.C. 241, 156 S.E. 496.

A junior mortgagee (or beneficiary in a junior deed of trust) has a number of remedies to which he may resort in order to protect his security. At any time prior to foreclosure, he may pay off the prior obligation. *Broadhurst v. Brooks,* 184 N.C. 123, 113 S.E. 576. At the foreclosure sale under the prior lien, he may bid on the property or see that the sale brings enough to protect him after discharging the prior lien. *King v. Lewis,* 221 N.C. 315, 20 S.E. 2d 305. Following foreclosure, he may, within 10 days, enter an upsetting bid and cause a resale. G.S. 45-21.27.

At the time Mattocks, Trustee, made the sale in April, 1964, the plaintiff failed to avail itself of any of its legal remedies. It now seeks to invoke an equitable remedy. In a court of equity, the plaintiff stands on slippery ground due to the fact it acquired the note more than 2½ years after the records of Randolph County gave notice that the security for its note had been sold under a prior lien. The plaintiff was put on constructive notice that it was acquiring an unsecured note. The defendants Rush and wife admit the execution and that the note has not been paid. On this admission, the plaintiff appears to be entitled to a judgment against the makers. For the reason assigned, the judgment of the Superior Court sustaining the demurrers is

Affirmed.